**Alexandria**

ALBERT R. BROWN

v.

ESTHER S. BROWN

No. 0832-86

Decided October 20, 1987

Counsel

Nan M. Joseph, for appellant.

Dexter S. Odin (Leslye S. Fenton, Odin, Feldman & Pittleman, P.C., on brief), for appellee.

OPINION

**KEENAN, J.** — Albert R. Brown (husband) appeals from a final decree in which a monetary award was granted to Esther R. Brown (wife). The issues we decide are whether the trial court erred in finding: (1) that the husband's interest in the Brown family farm was eighty-two percent marital property; (2) that the husband's interest in a farming partnership with his father was marital property; (3) that the wife waived her right to spousal support; and (4) that the monetary award made to the wife should be paid within 120 days. We find that the trial court failed to follow the statutory scheme of Code § 20-107.3 in deciding that the husband's interest in the family farm was eighty-two percent marital property and in ordering that the monetary award had to be paid within 120 days. We further find that the trial court did not err in finding that the husband's interest in the farming partnership was marital property and in finding that the wife waived her right to spousal support.[1]

I.

Classification of the husband's interest in a 515.7 acre farm was in dispute. This farm had been in his family for several generations. The husband acquired a one-half interest in the farm from his father by deed dated December 23, 1975. At this time, the husband assumed an obligation jointly with his father for payment of a loan secured on the property in the amount of $194,830. The father filed a gift tax return in 1975 stating that the value of the property was $239,161, and the value of his gift to his son resulting from the conveyance was $22,165. The father determined the value of the gift by subtracting the amount of the deed of trust from the fair market value, and taking one-half of that balance. At the time of this transaction, the husband and wife had been

---

[1] Because we reverse the trial court's decree on other grounds, we do not reach the husband's additional claims that the monetary award and the child support award were excessive. These awards must be reconsidered by the trial court on remand after a proper application of Code § 20-107.3.

married for six years.[2] In an earlier transaction, the husband's father gave the parties, by deed of gift, a five acre portion of the farm on which the parties subsequently built their marital home. It is undisputed that this five acres and the home are marital property.

The wife claimed that in addition to the five acre tract and home, the husband's undivided interest in the farm was marital property. She acknowledged, however, that the only part of the farm titled in her name was the five acres. She testified that the husband's father wanted to give half the farm to both parties in 1975, but excluded her from the deed after receiving legal advice that for tax purposes he should title the property in the husband's name alone.

The wife further testified the husband told her that they should "reinvest everything that we have into the farm, so that we'll be sitting pretty." According to her, when she suggested starting an Individual Retirement Account or some other retirement program, the husband responded that the farm was their future and that everything should be invested in the farm. Finally, the wife testified the husband told her that when his parents died the "entire farm would be ours." The husband acknowledged that one of the goals of their marriage was to reinvest as much as possible in the farm. To provide funds needed for the farming operation and existing debts in 1981 and 1985, the wife executed with the husband deeds of trust secured on the farm totaling $367,500.

Aubrey Owen, an attorney consulted by the husband and his father regarding the father's estate planning, testified that the purpose of the 1975 deed was "to devise a mechanism by which [the senior Brown] could transfer a half interest in [the farm] to his son, Albert R. Brown." Owen testified that the deed was not prepared as a deed of gift because "there was consideration that Albert Brown agreed to assume a proportionate part of the indebtedness. He [Albert] had also agreed to pay the gift taxes."

Owen understood that the elder Brown intended the transaction to benefit his son. Owen did not recall any expression of intent to benefit the wife. He testified that the father's objective "was to make that transaction with a minimum of taxation."

---

[2] The parties were married on November 11, 1969.

The husband's father testified that he intended to benefit Albert "eventually, at my death." He further testified that, although he originally liked the wife, he became disappointed in her before the parties separated. He acknowledged, however, that prior to his disappointment he wanted to help her. He denied discussing with the wife about putting her name on the deed and further denied that he intended to give her a part of the farm.

The trial court found, in effect, that the 1975 transaction was a partial gift. Using figures from the 1975 gift tax return filed by the husband's father, the court determined that eighteen percent of the transaction was a gift. Thus, the court calculated that eighty-two percent of the husband's interest in the present value of the farm was marital property.

## II.

The husband argues that his entire interest in the farm was a gift from his father and therefore is separate property. Code § 20-107.3(A)(1)(ii). He contends that his father's intent in 1975 was only to benefit him and not the wife, and that this intent controls the determination whether the property was acquired by gift. In support of his position, the husband argues that if his father had intended to benefit the wife he would have included her on the deed as was the case with the 1972 transaction.

The wife relies on the statutory presumption that all property acquired during the marriage is marital property. Code § 20-107.3(A)(2)(ii). She argues that the husband failed to produce satisfactory evidence to overcome the presumption and was unable to establish that the farm was a gift to him or that he maintained the farm as his separate property. In support of her position, the wife cites evidence that the 1975 transaction was for valuable consideration, and was not made by deed of gift. Finally, she relies on the fact that she signed three notes to borrow funds for the farming operation and consented to reinvest marital assets into the farm on the husband's assurance that one day it would be theirs. Therefore, she contends that the trial court erred by classifying a part of the farm as the husband's separate property.

In *Smoot v. Smoot*, 233 Va. 435, 357 S.E.2d 728 (1987), the Supreme Court considered the statutory scheme under Code § 20-107.3 for classification of property. It stated:

Code § 20-107.3 contemplates only two kinds of property—marital property and separate property, each expressly defined. Our statute does not recognize a hybrid species of property. The discrete definitions are reinforced by the statutory rule that '[a]ll property acquired . . . during the marriage . . . is presumed to be marital property. Code § 20-107.3(A)(2)(ii).

*Id.* at 441, 357 S.E.2d at 731.

■ The court observed that if separate property and marital property are commingled the trial court must classify that property as marital. *Id.* Further, the court held that a "marital home cannot be classified as part marital and part separate." *Id.*

In the present case, the court treated the husband's interest in the farm as part marital and part separate. We find that this was improper under Code § 20-107.3 as interpreted in *Smoot*, and hold that this error requires that we reverse the decree. The trial court should not have classified a single asset as both marital and separate property. *Smoot* requires the trial court to classify the husband's interest in the farm as either a marital or a separate asset.

We find that applying *Smoot* to the evidence before us mandates a conclusion that the husband's farm interest was marital property. It was acquired during the marriage by sale and was not purchased in exchange for or from the proceeds of sale of separate property. That the husband paid less than full consideration in purchasing the property does not alter the fact that he did pay valuable consideration. Further, we find that his father's treatment of eighteen percent of the transaction as a gift for tax reasons does not change the transaction from a sale to a gift for purposes of equitable distribution. Therefore, we hold that the husband's interest in the farm was marital property, and the trial court is instructed to reconsider the monetary award based on this classification.

■ This is not to say that on remand the court should ignore the manner in which the asset was acquired. To the contrary, it must consider how and when the asset was acquired in determining the *amount* of any monetary award. Code § 20-107.3(E)(6).

Under the statutory scheme the factors bearing on the amount and method of payment of a monetary award as set out in Code § 20-107.3(E) are only to be applied after the assets of the parties are classified and evaluated under Code § 20-107.3(A). *Rexrode v. Rexrode*, 1 Va. App. 385, 394, 339 S.E.2d 544, 550 (1986).

## III.

Although our finding that the trial court misapplied Code § 20-107.3 requires reversal of the decree, we deem it necessary to address the issues which must be considered on remand.

First is the husband's argument that the court erred in finding that his partnership interest in the farming operation was marital property.[3] The husband argues that his partnership with his father began prior to the marriage and was acquired by gift from his father. Thus, he argues, the partnership was separate property under Code § 20-107.3(A)(1). He relies on his father's testimony, as well as his father's 1969 will and an unsigned partnership agreement drawn in 1979, to establish that the partnership began prior to the parties' marriage.

The wife argues that the husband did not become a partner in the business until after the parties were married. Thus, she contends that his proprietary interest in the partnership was subject to the marital property presumption of Code § 20-107.3(A)(2)(ii). She argues that prior to 1972 the husband received a salary from the farm operation; that the husband and his father did not establish a partnership account until 1974; that a federal tax form showed 1972 as the beginning of the partnership; and that the father testified that the husband was expected to earn his interest in the farming operation.

The standard of appellate review applicable to a monetary award granted under Code § 20-107.3 was stated by the Supreme Court in *Smoot* as follows:

[T]he chancellor is necessarily vested with broad discretion in the discharge of the duties the statute [Code § 20-107.3] imposes upon him. Unless it appears from the record that the

---

[3] The husband's partnership interest in this business is separate from his real property interests discussed above.

chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal.

233 Va. at 443, 357 S.E.2d at 732.

In the present case, the evidence regarding classification of the husband's partnership interest was in conflict. We find from the record that the trial court's resolution of this factual conflict was supported by sufficient evidence that it was acquired during the marriage and was not maintained as separate property. Therefore, we will not disturb the trial court's ruling that the husband's partnership interest was marital property.

Next, we address the wife's argument that the court erred in finding that she waived her right to spousal support. The parties' final decree of divorce specifically left open the issue of spousal support. At the beginning of the subsequent proceeding, however, the wife's counsel stated: "Your Honor, we are not seeking spousal support." During her testimony, the wife reiterated this position. After reviewing a transcript of the hearing, the court ruled that the wife had waived her right to spousal support.

The wife argues that she never intended to waive spousal support and that there was never a clear intentional waiver of this right. She further argues that her counsel's apparent waiver of spousal support applied only to that particular proceeding, not to the issue in general.

We have reviewed the transcript and find that it supports the trial court's ruling that the wife waived her right to request spousal support. Having waived this right, the wife is now barred from raising it on remand. *Cf. Perry v. Perry*, 202 Va. 849, 852, 120 S.E.2d 385, 387 (1961).

Finally, we address the husband's argument that the court erred in ordering that the monetary award of $173,310.65 had to be paid within 120 days. Code § 20-107.3(D) provides in pertinent part:

Based upon the equities and the rights and interests of each party in the marital property, the court may grant a mone-

tary award, payable either in a lump sum or over a period of time in fixed amounts, to either party. The party against whom a monetary award is made may satisfy the award, in whole or in part, by conveyance of property, subject to the approval of the court.

This section provides the authority for a trial court to make a monetary award. In our view, satisfaction of a monetary award granted under Code § 20-107.3 is governed by Code § 8.01-426. Under that statute:

A decree . . . requiring the payment of money, shall have the effect of a judgment for . . . money, and be embraced by the word "judgment" where used in this chapter or in Chapters 18, 19 or 20 of this title or in Title 43.

In interpreting the predecessor of Code § 8.01-426, the Supreme Court held that a spousal support award [alimony] is "essentially different from an ordinary debt or judgment for money." *Eddens v. Eddens,* 188 Va. 511, 517, 50 S.E.2d 397, 400 (1948). A distinct difference, however, exists between a spousal support award and a monetary award made pursuant to Code § 20-107.3. Spousal support involves a legal duty flowing from one spouse to the other by virtue of the marital relationship. By contrast, a monetary award does not flow from any legal duty, but involves an adjustment of the equities, rights and interests of the parties in marital property. *See McAlear v. McAlear,* 298 Md. 320, 347-48, 469 A.2d 1256, 1270-71 (1984).

We hold, therefore, that to the extent a decree awards a monetary sum pursuant to Code § 20-107.3(D), it is the equivalent of a money judgment and must be satisfied as such. The trial court may provide, however, that a monetary award be payable as a lump sum or in periodic fixed amounts. Code § 20-107.3(D). In either instance, the trial court may exercise its discretion in determining when the lump sum award or the periodic fixed amounts are due and payable. If no due date is specified in the decree, or if the award (or any portion thereof) is not satisfied by the payment date set forth in the decree, that award (or portion thereof) becomes the equivalent of a money judgment.

We find that here the trial court exceeded its authority in ordering mandatory payment of the monetary award within 120 days. While it was authorized to fix a date upon which the award was due and payable, the trial court lacked authority to order mandatory payment subject to enforcement by its contempt powers. The following proposition is well settled:

Although the court may have jurisdiction over both the subject matter and the parties, the court may nevertheless exceed its statutory authority if "the character of the judgment was not such as the court had the power to render or [if] the mode of procedure employed by the court was such as it might not lawfully adopt."

*Lowe v. Lowe*, 233 Va. 431, 433, 357 S.E.2d 31, 33 (1987)(quoting *Anthony v. Kasey*, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)).

In summary, we hold that the trial court erred in finding that the husband's interest in the farm was part marital and part separate and that the court further erred in ordering mandatory payment of the monetary award within 120 days. Applying *Smoot* to the trial court's findings in the record before us, we hold that the husband's interest in the farm was marital property, and accordingly, direct the trial court to reconsider its monetary award. We affirm the trial court's findings that the husband's interest in the farming partnership was marital property and that the wife waived her right to spousal support. We remand the cause for further proceedings consistent with the principles expressed herein.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Barrow, J., and Coleman, J., concurred.