## CIRCUIT COURT OF WISE COUNTY

Mary Katherine Hayden

    v.

Hershiel Hollis Hayden

July 5, 1990

Case No. C86-407

By JUDGE J. ROBERT STUMP

The novel "first impression in Virginia" issue here is does the court have contempt jurisdiction to enforce the payment of cash (property settlement) in a court ordered and approved agreement? This court answers in the affirmative.

*Facts*

The facts are that subsequent to the divorce of the parties and by agreed final order:

> the court does hereby accordingly ratify, approve, and confirm the terms and provisions set forth in the May 23, 1989, agreement, which provisions are hereby expressly incorporated by reference. It is thus ordered that the complainant and defendant abide by and adhere to the covenants, provisions, terms, and obligations set forth in the May 23, 1989, agreement, which are by express reference made a part of this Final Order.

The court approved agreement provided, *inter alia*, that the ex-husband pay to the ex-wife the total sum of

$69,000 on or before March 31, 1990, or when two real estate tracts and one airplane were sold, "whichever occurs first." Ex-husband did not pay the ex-wife on March 31, 1990, because he was unable to sell said properties. Ex-wife now seeks to enforce her contractual property rights against her former husband by contempt.

### Law

It is clear in Virginia that the court through contempt powers may enforce child and spousal support provisions of a court-approved agreement. Va. Code § 20-109.1; *Fry v. Schwarting*, 4 Va. App. 173, 355 S.E.2d 342 (1987); and *Parra v. Parra*, 1 Va. App. 118, 336 S.E.2d 157 (1985).

Ex-husband relies on *Brown v. Brown*, 5 Va. App. 238 (1987) at p. 246, wherein the Court of Appeals interpreted the satisfaction of a monetary award under equitable distribution Code § 20-107.3, saying (per § 8.01-426):

> a spousal support award is "essentially different from an ordinary debt or judgment for money." *Eddens v. Eddens*, 188 Va. 511, 517; 50 S.E.2d 397, 400 (1948). A distinct difference, however, exists between a spousal support award and a monetary award pursuant to Code § 20-107.3. Spousal support involves a legal duty flowing from one spouse to the other by virtue of the marital relationship. By contrast, a monetary award does not flow from any legal duty but involves an adjustment of the equities, rights, and interests of the parties in marital property . . . . We hold, therefore, that to the extent a decree awards a monetary sum pursuant to Code Section 20-107.3(D), it is the equivalent of a money judgment and must be satisfied as such . . . . We find that here . . . the trial court lacked authority to order mandatory payment subject to enforcement by its contempt powers.

However, ex-husband's reliance on *Brown* is misplaced. *Brown* is not applicable here because it involved the statutory requirements allowing the court to grant a monetary award pursuant to equitable distribution Code

Section 20-107.3(D) and which restricts an award per this subsection by saying, "shall constitute a judgment within the meaning of § 8.01-426 . . . ." In this case, equitable distribution was waived by the parties by the terms of the court-approved agreement. Also Code § 20-109.1 does not restrict its effect to § 8.01-426.

Furthermore, Code § 20-107.3(I) provides, "Nothing in this section shall be construed to prevent the affirmation, ratification, and incorporation in a decree of an agreement between the parties pursuant to §§ 20-109 and 20-109.1. Agreements, otherwise valid as contracts, entered into between spouses prior to the marriage shall be recognized and enforceable." (§ 20-109.1 provides for court-accepted agreements prior to, during, or subsequent to divorce decree; also see Code § 20-155 which statutorily grants the same extent and effect to marital agreements as provided in the Premarital Agreement Act §§ 20-147 through 20-154).

Therefore, both the legislature and Virginia Appellate Courts recognize that "marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain. *Cooley v. Cooley*, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980)." *Parra, supra* at p. 128.

Furthermore, the court opines that, although *Brown* says the trial court lacked contempt enforcement powers of the monetary award, this appeared to be *dicta* since no factual or legal issue addressed the point. *Brown* obviously considered the appellate review of the monetary award and not enforcement by contempt.

Decisive to the issue is Code § 20-109.1 (effective in 1970), relied on by both parties, which provides in pertinent part, "Any court may affirm, ratify and incorporate by reference in its decree . . . subsequent to such [final divorce] decree, any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children, *or establishing or imposing any other condition or consideration, monetary or non-monetary.* Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, *it shall be deemed for*

*all purposes to be a term of the decree and enforceable in the same manner as any provision of such decree . . . ."* (Emphasis by this court.)

This court interprets the clear legislative intent and language of § 20-109.1 to mean that the trial court has contempt powers to enforce *any provision* of an agreement incorporated by reference in its decree; whether it is spousal/child support or cash payments (property settlements). This court opines that if the husband made an agreement approved by court order to deliver the family pet python snake to the wife, and he willfully refused, the court would have contempt powers (including incarceration) to enforce said delivery. Here husband agreed to pay cash, subjected himself to the jurisdiction of the court, and the court made that agreement a part of his order and compelled compliance thereof. He no longer enjoys only the rights of a simple contractual debtor/creditor relationship but now may be willfully violating a court order, which includes restoring the dignity and integrity of the court.

The 1964 Virginia Supreme Court case of *Martin v. Martin*, 205 Va. 181 (1964), which was written prior to the 1970 enactment of Code § 20-109.1, is clearly instructive on the issue here. In *Martin*:

> the parties entered into the agreement to settle their property rights and the obligation of maintenance and support in lieu of alimony. The Chancellor merely confirmed their agreement and made it a part of his decree . . . for the purpose of identification, but he did not adopt its provisions as his judgment and make it an operative part of the decree by ordering Martin to pay the amounts (weekly cash payments and monthly payments on a property deed of trust) agreed upon by the parties. Indeed, there is nothing in the record to show that the wife asked that a decree for alimony be entered. Thus it cannot be said that it was the intention of the court or the parties that the provisions of the agreement be made a part of the decree to the extent that they were reduced to a final mandatory judgment, ordering and commanding

Martin to make the agreed payments as alimony, so that a failure to perform would constitute contempt of court.

*Martin* speaks of payments being made in lieu of or as alimony, but this court opines that the subsequently enacted Code § 20-109.1 addresses and clears up this issue. But the court reasoning in *Martin* indicates that *if* the trial court adopted the agreement's provisions as his judgment and makes it an operative part of the decree with the intention of the court and the parties to reduce the provisions and payments as a final mandatory judgment, ordering and commanding the ex-husband to make the agreed payments, then a failure to perform the court decree would have constituted contempt of court.

Here when the final court order adopted the agreement by reference and "ordered that the complainant and defendant abide by and adhere to the covenants, provisions, terms and obligations set forth . . ." therein, *all provisions* of the agreement became a part of or extension of the court order, and upon failure thereof, subject to enforcement by contempt. The language of the court order is clear and unambiguous under the facts of this case. Otherwise, there would be no necessity for the court to adopt by reference agreements of parties and would serve no good purpose than to memorialize, identify, or acknowledge contractual property rights.

See also *Doherty v. Doherty*, 9 Va. App. 97, 99 (1989), wherein the Court of Appeals recently said:

Valid marital agreements are favored and will be enforced by divorce courts when incorporated in a divorce decree which orders the parties to comply with its terms . . . . Without the order to comply, the sanction for contempt is not available and the remedy for non-compliance with the contract is by assumpsit in an action at law . . . . In the case before us the contract was merged into the final decree. It is not the contract but rather the decree that is being enforced.

The issue of the ex-wife's claim for attorney fees in this contempt proceeding will be taken under advisement until facts are presented to the court on hours spent herein and argument presented pursuant to the court adopted agreement which said, "each party shall be responsible for his or her own attorney fees incurred in connection with the . . . interpretation of this agreement . . . ."

## Conclusion

Counsel for ex-wife shall prepare an appropriate order for entry finding that all the provisions of the court-ordered and incorporated agreement are subject to enforcement by contempt powers.