ELIZABETH LEE GUTHRIE WESTERBERG

v.

NORMAN ROBERT WESTERBERG

No. 0086-90-2

Decided June 11, 1991

COUNSEL

Carol A. N. Breit; Rose McC. Alexander (Alexander & Breit, on brief), for appellant.

Murray J. Janus; Ronald S. Evans (Bremner, Baber & Janus, on brief), for appellee.

OPINION

**BARROW, J.**—This domestic relations appeal questions the limits of a trial court's authority to make a lump sum award of spousal support. We hold that Code § 20-107.1 does not authorize the trial court to make a lump sum award of spousal support based only on evidence of the value of the separate property of the other spouse.

At the center of this controversy is a house purchased by the husband prior to the parties' marriage. The house was in poor condition. Prior to their marriage, the husband and wife extensively renovated it. Slightly less than three months prior to their marriage, the husband conveyed the house to the wife by deed of gift in order to conceal this asset from creditors of a partnership of which he was a member. At the time the wife sought a divorce after less than two years of marriage, the house remained in her name alone.

In the final decree of divorce, the trial court ordered the wife to pay to the husband "a lump sum award in an amount to be determined at an evidentiary hearing to determine the value of *said property*" (emphasis added). The property referred to is not specified in the decree; however, at a later evidentiary hearing, the value of the home owned by the wife was the only property considered. Based on the value of the home, the court determined that a lump sum spousal support award of $38,250 should be made.

In the bill of complaint and in a cross-bill, both parties sought a monetary award based on the property interests of the parties;

however, at trial, no such award was sought by either party. At the evidentiary hearing before the trial court, the husband's counsel told the trial court that the house was "not marital property" and that "we are asking for a lump sum awarded under 20-107.1." The parties never asserted any right they might have in an award under Code § 20-107.3 based on this property because they considered it the wife's separate property.

■ There is a "distinct difference" between a spousal support award under Code § 20-107.1 and a monetary award under Code § 20-107.3. *Brown v. Brown*, 5 Va. App. 238, 246, 361 S.E.2d 364, 368 (1987). Spousal support arises from a "legal duty flowing from one spouse to the other by virtue of the marital relationship." *Id.* A monetary award arises from an "adjustment of the equities, rights and interests of the parties in the marital property." *Id.*

■ Spousal support under Code § 20-107.1 aims "to provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay." *Blank v. Blank*, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990). It is "not a vehicle for the restoration of funds expended during a marriage by one spouse for the benefit of the other spouse." *Collier v. Collier*, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

In this case, no evidence was presented of the husband's need for financial support or of the wife's ability to provide support. The evidence consisted only of that related to the grounds of the divorce, the value of the house in question and the circumstances regarding its conveyance to the wife. No evidence was presented to the trial court to support the lump sum spousal support award to the husband.

For these reasons, the lump sum spousal support award is reversed. Since the remaining issues raised on appeal relate only to

the validity of the lump sum spousal support award which we are reversing, it is not necessary that we address them.

*Reversed.*

Coleman, J., and Cole, J.,* concurred.

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.