## CIRCUIT COURT OF WISE COUNTY

Trevia Sexton

v.

Jimmy Sexton

March 8, 1993

Case No. C91–38

BY JUDGE J. ROBERT STUMP

The issue is contempt for failure to "hold harmless" bankrupted debts per court-ordered contract. The court has considered the file, exhibits, and counsels' briefs and makes the following findings of fact and conclusions of law.

By a separation agreement dated May 3, 1991, "It is further agreed that the husband shall be responsible for the payment of the Visa and Mastercard charge accounts, and he shall have possession of the charge cards and shall make all payments on said account and shall hold the wife harmless of this indebtedness."

By final divorce decree entered July 31, 1991, the May 3, 1991, agreement was "incorporated in this decree," and "ratified, affirmed and approved." The decree did not order the parties to comply with the terms of the agreement.

On December 10, 1991, the U. S. Bankruptcy Court discharged the debtor (husband), Jimmy Sexton, from all his debts, including the Mastercard account ($2,090.00) and the Visa account ($4,000.00). But the wife, Trevia Sexton, was not listed as a creditor, and therefore, she was not discharged and is not "prohibited from attempting to collect any debt that has been discharged in this case."

This court cannot find husband guilty of willful contempt of court order because the final divorce decree, although it approved the marital agreement, did not order the parties to comply with its terms. *See,* *Doherty v. Doherty,* 9 Va. App. 97, 99 (1989); and *Hayden v. Hayden,*

20 Va. Cir. 255 (1990) (per Stump, J). Therefore, the court will not, as a matter of contempt, order husband to "hold the wife harmless of this indebtedness."

However, wife has another available "remedy for non-compliance with the contract . . . by assumpsit in an action at law." *Doherty, supra,* at p. 99.

Husband argues that debts incurred in divorce property settlements are dischargeable in bankruptcy and that bankruptcy law is determinative as to whether an agreement provides property settlement. This court rejects those arguments and finds them not applicable here.

This is a Virginia Circuit Court, not a bankruptcy court. If an action at law is filed by the wife for breach of contract, it is likely the wife will prevail since she was not listed as a creditor and therefore not discharged in husband's bankruptcy case.

The contempt action by wife is denied for the above reasons.