COURT OF APPEALS OF VIRGINIA

Present:   Judges Koontz,[*] Bray and Annunziata

ALBERT V. DOUGHERTY

v.   Record No. 0368-95-4                   MEMORANDUM OPINION[**]
                                                  PER CURIAM
ELIZABETH C. DOUGHERTY                      AUGUST 29, 1995

              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                        Paul F. Sheridan, Judge

         (John M. DiJoseph; Sattler & DiJoseph, on brief), for
         appellant.

         No brief for appellee.


     Albert V. Dougherty (husband) appeals the decision of the

circuit court awarding spousal support to Elizabeth C. Dougherty

(wife) and deciding other issues.  Husband raises the following

issues on appeal:  (1) whether the award of attorney's fees to

wife was appropriate; (2) whether the chancellor erred in

awarding wife a portion of husband's pension; (3) whether the

chancellor erred determining husband's income; and (4) whether

the award of spousal support was improper.  Upon reviewing the

record and husband's opening brief, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

chancellor's decision.  Rule 5A:27.

----

[*]Justice Koontz participated in the decision of this case
prior to his investiture as a Justice of the Supreme Court of
Virginia.

[**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I. Award of Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the chancellor and is reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The chancellor considered the circumstances of the litigation, including husband's refusal to participate in discovery and his contest of the proposed fee award requiring wife to retain the services of an expert witness, and the relative positions of the parties and made an award of fees in favor of wife appropriate to the case. Based on our review of the record, we cannot say that the award of attorney's fees and costs for an expert witness was unreasonable or an abuse of the chancellor's discretion.

## II. Pension

The chancellor is vested with broad discretion in fashioning an equitable distribution award.

> Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal.

2

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987)(citation omitted).

The chancellor calculated the marital share of husband's pension as eighty percent of the total, based upon thirty-five total years of husband's pension accumulation and twenty-eight years of marriage during husband's employment. The marital share, thus calculated, satisfied the provisions of Code § 20-107.3(G)(1). The chancellor also awarded wife no more than fifty percent of the marital share. Id. Therefore, as the chancellor's award to wife of forty percent of husband's pension satisfied Code § 20-107.3, we cannot say the chancellor abused his discretion in making the award.

Nor did the chancellor err in failing to require a present value calculation for husband's pension. "A present value calculation is of direct use only where payment of the portion of the monetary award attributable to the pension is to occur immediately rather than over a period of time." Zipf v. Zipf, 8 Va. App. 387, 397, 382 S.E.2d 263, 269 (1989). The parties did not intend to make an immediate monetary award in this case.

### III. Determination of Income

"The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). "[T]he judgment of the trial court on questions of fact is entitled to great weight and

3

will not be disturbed unless it is plainly wrong or without evidence to support it." Smith v. Board of Supervisors, 201 Va. 87, 91, 109 S.E.2d 501, 505 (1959). Husband asserted a significant decline in income in the months prior to the final hearing. Wife also introduced evidence of husband's income. We cannot say the chancellor's factual determination that husband's income in previous years more accurately reflected husband's actual earnings was plainly wrong or without evidence to support it. Accordingly, we affirm the chancellor's decision to compute spousal support using $53,000 as husband's annual income.

#### IV. Spousal Support

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the nine factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986). The chancellor noted those factors, evident on the record and appropriate to the determination under the statute, upon which he based his award. We cannot say the chancellor abused his discretion in awarding wife $200 a month in spousal support.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

4