## CIRCUIT COURT OF LOUDOUN COUNTY

Moore

v.

Moore

September 11, 1995

Case No. (Chancery) 6938

BY JUDGE THOMAS D. HORNE

Richard C. Moore and Patricia Ann Martz Moore were divorced by a Decree of this Court dated December 21, 1979. Among other things, that Decree affirmed, ratified, and incorporated the provisions of a Property Settlement Agreement dated November 29, 1979. § 20-109.1, Code of Virginia. No exception was taken by either of the parties to the action of the Court in incorporating the agreement.

Among the provisions of Property Settlement Agreement incorporated into the Final Decree was the following:

> [t]he Husband agrees to pay to the wife, her heirs or assigns, the sum of Forty-two Thousand Dollars ($42,000.00) plus interest on the unpaid balance thereof, as more particularly hereinafter set forth, within ten (10) years after the execution of this agreement by both parties . . . . [t]he Husband agrees to pay to the wife the aforesaid sum plus interest thereon as aforesaid as part of the settlement of the parties' real property rights and not as a settlement of the Wife's right to support and maintenance, which she heretofore relinquished and waived.

Patricia Ann Martz Moore filed with the Court a Petition in which she suggested that Richard C. Moore was in violation of the provisions of the Final Decree in that he had failed to make the payment of the $42,000.00 as previously ordered and was, as of April 12, 1995, delinquent in the payment of such sum with interest in the amount of $94,739.56. At her request, a Rule was issued against Mr. Moore as to why he should not be

found in contempt of this Court by reason of such failure to satisfy the terms of the Final Decree.

Patricia Moore appeared with counsel while Richard Moore appeared *pro se*. In his testimony, Mr. Moore related that the parties had agreed, subsequent to the entry of the Decree, that in return for his performing work for Patricia Moore, his debt under the Property Settlement Agreement might be satisfied. Patricia Moore disputed the existence of any such agreement or that such work may have been performed as satisfaction, in whole or in part, of Mr. Moore's obligation to pay her the $42,000.00 with interest.

Mr. Moore's obligation to pay, once embodied by agreement in the Final Decree, remained subject to enforcement until otherwise modified by the Court. See, § 20-108, Code of Virginia; *Coffer v. Coffer*, 205 Va. 834 (1965); *Goodpasture v. Goodpasture*, 7 Va. App. 55 (1988); *Acree v. Acree*, 2 Va. App. 151 (1986). Assuming, without deciding, that work was performed by Mr. Moore subsequent to the divorce, his claim by way of compensation for services rendered may not be raised as a setoff to an action for contempt of the Court's Decree.

As the Court finds that the evidence justifies only a finding of civil contempt, it need not address the issue of whether any action for criminal contempt may be time-barred. See, *Eddens v. Eddens*, 188 Va. 511 (1948). Furthermore, this issue was not addressed by the parties in the papers filed.

The Final Decree in this case is enforceable by way of contempt. Neither party questioned the incorporation of the Agreement in the Final Decree. Once incorporated in the Decree, the provision with respect to the payment of the $42,000.00, even though contemplated as an adjustment of property rights, became enforceable "in the same manner as any provision of such decree." Section 20-109, Code of Virginia.

This case may be distinguished from the issue of statutory construction raised by the Court in *Brown v. Brown*, 5 Va. App. 238 (1987); §§ 8.01-426, 20-107.3 Code of Virginia. Thus, the rationale for the decision in *Brown*, later to be modified by amendment to § 20-107.3(K)(2), Code of Virginia, precluding enforcement by contempt of a statutory monetary award is inapplicable to enforcement of a valid decree incorporating an agreement between the parties under § 20-109, Code of Virginia. In the former case, the Court noted the distinction between obligations flowing from a legal duty from those which merely are intended, like other money judgments, to adjust property interests. Given the express mandate of § 20-109, Code of Virginia, the duty to comply with the terms of the

agreement, once approved and incorporated by the Court, became subject to the full panoply of sanctions available to the chancellor. See, *Owney v. Owney*, 8 Va. App. 255 (1989).

Accordingly, the Court having found Mr. Moore in civil contempt, will award damages in the amount claimed with interest. In order that the Court may fashion a remedy by which Mr. Moore may purge himself of such contempt, the court will direct that Mr. Moore submit himself to debtor interrogatories within a period of thirty days. The Court will continue the matter until such interrogatories have been completed. Mrs. Moore will be entitled to an award of attorney's fees and her costs incurred in the bringing of this action for contempt.