COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


LARRY ANDREW PANGLE

v.   Record No. 0561-95-4                    MEMORANDUM OPINION[*]
                                                PER CURIAM
GWEN HALL PANGLE                            SEPTEMBER 19, 1995


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

(Gary V. Davis, on brief), for appellant.

(Richard R. Saunders, Jr.; Hanes, Sevila, Saunders &
McCahill, on brief), for appellee.


    Larry Andrew Pangle (husband) appeals the equitable
distribution decision of the circuit court awarding certain
interests and payments to Gwen Hall Pangle (wife).  Husband
raises the following issues on appeal:  (1) whether the trial
court erred in awarding wife $60,000 for her interest in the
marital home; (2) whether the trial court erred in awarding wife
$17,601 as her share of husband's retirement benefits received
since the date of the parties' separation; and (3) whether the
trial court erred in ordering husband to pay $5,000 toward an
outstanding credit card bill.  Upon reviewing the record and
briefs of the parties, we conclude that this appeal is without
merit.  Accordingly, we summarily affirm the decision of the
trial court.  Rule 5A:27.
        "[T]he chancellor is necessarily vested with

_____

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> broad discretion in the discharge of the
> duties the statute [Code § 20-107.3] imposes
> upon him.  Unless it appears from the record
> that the chancellor has abused his
> discretion, that he has not considered or has
> misapplied one of the statutory mandates, or
> that the evidence fails to support the
> findings of fact underlying his resolution of
> the conflict in the equities, the
> chancellor's equitable distribution award
> will not be reversed on appeal."

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted).

## I.  Marital Home

"Equitable distribution is predicated upon the philosophy that marriage represents an economic partnership requiring that upon dissolution each partner should receive a fair portion of the property accumulated during the marriage."  Aster v. Gross, 7 Va. App. 1, 5, 371 S.E.2d 833, 836 (1988).  The statute provides a means to implement that philosophy where, as here, marital assets are used to improve and retain separate property.

> In the case of the increase in value of
> separate property during the marriage, such
> increase in value shall be marital property
> only to the extent that marital property or
> the personal efforts of either party have
> contributed to such increases, provided that
> any such personal efforts must be significant
> and result in substantial appreciation of the
> separate property.

Code § 20-107.3(A)(3)(a).

The trial court determined that the marital residence, which was separately titled in husband's name and eighty to ninety percent completed prior to the parties' marriage, was part

2

husband's separate property and part marital property. The total separate and marital contributions used to acquire, improve, and retain the marital home equaled $50,400. Of that amount, $16,000 represented the value of the land given to husband by his parents prior to the parties' marriage. The remaining contributions were marital, and included $19,900 in principal payments on two loans and $14,500 in increased value through the addition of landscaping and a deck. The trial court noted that "to the extent the increase in the value of real estate and improvements are traceable to such [marital] payments, such increase constitutes marital property subject to equitable distribution." The court then determined that the portion of the current net equity of $178,400 traceable to marital contributions was $121,833. The court awarded wife $60,000.

The court's award of an interest in the marital home to wife complied with the statutory guidelines, was supported by credible evidence, and was not an abuse of discretion. Therefore, we affirm the decision of the trial court.

## II. Pension

Husband challenges the decision of the trial court awarding wife thirty-five percent of the marital share of the pension payments already drawn by husband during the period following the parties' last separation. Husband alleges that he is being required to pay twice, because his retirement income was included in the computation of spousal and child support.

3

Under the parties' consent decree, husband agreed to pay wife $425 per month in spousal support until January 1, 1996. However, wife's right to receive a portion of the marital share of husband's pension under Code § 20-107.3(G) is separate from her right to maintenance and support under Code § 20-107.1. The fact that husband began to draw his pension prior to the equitable distribution hearing does not reduce the amount wife is entitled to receive of the total marital share of husband's retirement benefits.

The court considered the statutory factors and made its decision in accordance with Code § 20-107.3(G). We find no error in the decision of the trial court to grant wife a cash award equal to wife's interest in the pension payments already drawn by husband after the parties' separation.

### III. Visa Debt

The court also awarded wife $5,000 as payment towards an outstanding Visa credit card debt. Wife presented evidence that the card was issued in 1985 and both husband and wife were authorized users. Wife testified that the balance at the time the parties separated was approximately $6,000. Wife also testified that the card was used to buy clothes for the parties' children as well as to purchase items for the home.

Therefore, as credible evidence supports the trial court's finding that the outstanding balance on the Visa card was marital debt, we affirm the decision of the trial court awarding wife

4

$5,000 as payment on the outstanding balance.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>