COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


AMERICA E. EARL

v.   Record No. 0432-95-4                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
EDWIN O. EARL                                SEPTEMBER 19, 1995


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                        James H. Chamblin, Judge

           (John M. DiJoseph, on brief), for appellant.

           (D. Alan Nunley, on brief), for appellee.



     America E. Earl (wife) appeals the decision of the circuit

court awarding her $75,000 as her share of the marital property

and awarding her $450 per month in spousal support.  Wife argues

that the trial court erred in finding that she made less

contributions to the marriage than Edwin O. Earl (husband) and

erred in failing to recognize wife's need for more support.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

                      Equitable Distribution
          "[T]he chancellor is necessarily vested with
          broad discretion in the discharge of the
          duties the statute [Code § 20-107.3] imposes
          upon him.  Unless it appears from the record
          that the chancellor has abused his

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.


1

> discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal."

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted). The trial court's letter opinion detailed its consideration of the factors contained in Code § 20-107.3(E). Based upon those statutory factors, the court concluded that husband's monetary and non-monetary contributions to the marriage far outweighed those made by wife. The court specifically noted wife's "extensive absence from the marital home without good reason in the last six years of the marriage," and husband's extensive renovation of the marital home.

The evidence supports the trial court's findings. Wife was in Panama more than four of the last six years prior to the final separation. During this time, the parties' adopted son was in junior and senior high school. Wife did not return to the United States when the son faced criminal prosecution in 1991 and 1992.

The trial court found that the marital property was worth approximately $400,000. The trial court awarded wife $75,000 as her share of the marital property. We cannot say the trial court's decision was an abuse of discretion or unsupported by the evidence. Therefore, we affirm the court's equitable distribution award.

### Spousal Support

Wife argues that the trial court's award of $450 in spousal support failed to recognize her needs and husband's ability to pay. It is true that "[i]n awarding spousal support, the chancellor must consider the relative needs and abilities of the parties." Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986). However, "[w]hen the chancellor has given due consideration to [the statutory factors set out in Code § 20-107.1], his determination will not be disturbed on appeal except for a clear abuse of discretion." Id.

The evidence established husband's ability to pay support. However, the court questioned wife's claimed monthly expenses of $1,339, noting that wife "has chosen to spend most of her time in Panama being supported by her sister." The court also noted that wife's "current choice is remarkably similar to her choice during the last years of the marriage." The court then disallowed wife's claimed expense of $700 a month for rent because wife had been living in Panama with her sister.

The trial court specifically found that wife was voluntarily unemployed. Although wife was healthy and intelligent and had worked at a number of different jobs during the marriage, wife, despite prior admonitions by the court, failed to obtain employment to help contribute to her own support. Code § 20-107.1 directs the trial court to consider as a factor, in setting the amount of spousal support, the earning capacity of the "parties." A plain meaning of the words "parties" indicates that

3

the legislature intended to include the earning capacity of the payee spouse as well as the payor. Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 678 (1990). Having found wife's claimed expenses equalled no more than $639, the trial court determined that wife had sufficient earning capacity and employment skills to earn at least $189 a month.

The trial court considered the statutory factors before determining that wife was entitled to $450 a month in spousal support. We cannot say the decision was an abuse of discretion.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.