COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

BERNARD GOLDBERG

v.          Record No. 1217-95-1          MEMORANDUM OPINION*
                                          PER CURIAM
JANE A. GOLDBERG                          NOVEMBER 14, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Thomas S. Shadrick, Judge

            (Philip J. Geib; Bennett and Zydron, P.C., on brief),
            for appellant.

            (Michael A. Robusto; Slipow, Robusto & Kellam, P.C.,
        on brief), for appellee.


     Bernard Goldberg (husband) appeals the equitable

distribution decision of the circuit court.  Husband argues that

the trial court erred in (1) valuing husband's business and in

awarding a twenty-five percent share to Jane A. Goldberg (wife),

(2) crediting husband with the cost of some post-separation home

repairs, and (3) finding that the evidence did not support

husband's claim of an outstanding $35,000 loan from his brother.

 Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

                        Standard of Review

     "In reviewing an equitable distribution award on appeal,

we recognize that the trial court's job is a difficult one.

---

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987).

> Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal.

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted).

### Valuation and Distribution of Pet Shop Business

Husband testified that his ongoing pet store business was worth $20,000 to $25,000, based upon the wholesale worth of his inventory. Husband also alleged there was an outstanding debt of $38,000 for a loan husband received from his mother and brother. However, wife presented the testimony of an expert who valued husband's business at $116,000. The expert witness explained his methodology, which evaluated the business based upon past years' earnings, weighted more heavily for more recent years. While husband disagreed with the capitalization method used by the expert, the expert testified that it was a method regularly used in the valuation of businesses.

The commissioner heard the testimony of the parties and wife's expert and had the opportunity to evaluate the merits of

2

their evidence. The commissioner was not required to pick either the value placed upon the ongoing business by husband or by the expert witness. "[T]he finder of fact is not required to accept as conclusive the opinion of an expert." Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989). The commissioner determined that the business was valued at $70,000, which was an amount within the range of values supported by the evidence. We cannot say the trial court's decision to accept the commissioner's finding was an abuse of discretion.

Husband testified that wife worked at the pet store only the first week the store was open, and that she never returned to the store. Husband also testified that he had no idea what his wife did during the days, that the children did all the house cleaning, and that wife was out of the home much of the time. However, other witnesses testified that wife provided substantial care for the children, as husband always worked twelve hours a day Monday through Saturday and six hours on Sunday. Wife prepared dinner for the children before leaving the home and on occasion brought husband dinner at the store.

The commissioner's report demonstrates that the commissioner considered the statutory factors contained in Code § 20-107.3 in reaching his decision. We cannot say the value attributed to the pet shop is unsupported by the evidence, or that the award of twenty-five percent to wife is an abuse of discretion. Therefore, we affirm the trial court's award of $17,500 to wife

as her share of the marital value of the pet store.

## Repair Costs

Husband presented evidence that he had incurred costs of $37,431.31 in home repairs and improvements. A substantial amount of the alleged total cost was for work performed by husband's son. No contemporaneous receipt was produced to support the alleged work of the son. Additionally, husband acknowledged he had no receipts for another portion of the repairs and improvements, some of which were also performed by husband's son. During the hearing, the parties agreed to amend husband's list to remove certain pre-separation payments.

The commissioner allowed husband credit for all items for which husband presented a receipt. Implicit in that determination is an acknowledgement by the commissioner that husband failed to produce credible evidence and carry his burden of proving the non-receipted costs. As such, we cannot say as a matter of law that husband proved that he incurred those costs.

## Outstanding Loans

Husband argues that the trial court erred in refusing to reduce the value of his business and the marital home by the amount of two outstanding loans. Husband alleged that, in 1980, his brother and mother lent him $38,000 for the purchase of the pet store, and his brother lent him $35,000 for the purchase of the home. Husband presented two promissory notes, signed by him,

4

payable on demand to "Betty Goldberg/Arthur Allan" with interest payable at six and one-half percent, as evidence of the loans. Husband acknowledged that there was no lien against his residence and that he had made no payment on either note. The commissioner noted that, although the promissory notes were fifteen years old, they looked "very fresh." The commissioner also noted that the term "on demand" was added in different ink and different writing.

The commissioner found, and the trial court agreed, that the evidence did not support husband's claim that he receive credit for these outstanding loans. On review, we cannot say as a matter of law that the trial court's finding was in error.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.