COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Willis

HOWARD WILLIAMS DAWSON

v.   Record No. 1305-95-2                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
SHELBY FOGG DAWSON                            DECEMBER 29, 1995

          FROM THE CIRCUIT COURT OF HANOVER COUNTY
                 Richard H. C. Taylor, Judge

        (Howard W. Dawson, pro se, on brief).

        (Harry P. Anderson, Jr., on brief), for appellee.


     Howard Williams Dawson (husband) appeals the equitable

distribution decision of the circuit court awarding certain

amounts to Shelby Fogg Dawson (wife). Husband's appeal raises

the following issues: (1) whether the circuit court erred or

abused its discretion in reaching its equitable distribution

decision; (2) whether the circuit court erred in not sanctioning

wife; and (3) whether the circuit court erred in ordering the

payment of a lien held by wife's father. Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of

the trial court. Rule 5A:27.[1]

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]Wife argues that husband's appeal is untimely. The final
decree of divorce which equitably divided the parties' marital
property was entered on April 4, 1994. Wife contends the final
order was entered on October 25, 1994, at which time the court
approved the report of the special commissioner and allowed the
payment of outstanding liens and expenses and the distribution of
the marital property. However, both parties had outstanding

Equitable Distribution Decision

Husband alleges that the trial court erred in its equitable distribution of the parties' marital assets. "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

> "[T]he chancellor is necessarily vested with broad discretion in the discharge of the duties . . . [Code § 20-107.3] imposes upon him. Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal."

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted).

The matter was referred to a commissioner in chancery, who heard the evidence ore tenus. The commissioner's report set out both the statutory factors and the evidence upon which the recommended distribution was based. The commissioner noted that husband failed to present "admissible credible evidence of alternative valuations and classifications." The commissioner also noted that, while husband had made substantial monetary

---

motions which were not resolved until the court's decision of March 3, 1995. Therefore, we find that husband's appeal is timely.

2

contributions early in the marriage, wife made the majority of the non-monetary contributions throughout the marriage and the majority of the monetary contributions in the last twelve years. Wife also made the greater contributions toward the acquisition of marital assets in the last twelve years of the marriage. In addition, wife's father provided substantial assistance to the family during times of financial difficulty.

The trial court accepted the equitable distribution award recommended in the commissioner's report. The award was supported by competent, credible evidence, and was made after consideration of the statutory factors. We therefore find no grounds for reversal of the court's equitable distribution decision.

### Sanctions against Wife

Husband alleged in the trial court that wife altered items to be sold at auction in order to reduce their selling price and committed waste in regards to other marital assets. Husband argues the trial court erred in failing to sanction wife for violations of its orders or to modify its equitable distribution award.

A trial court's award or denial of sanctions is reversible on appeal only if the trial court abused its discretion. Oxenham v. Johnson, 241 Va. 281, 287, 402 S.E.2d 1, 4 (1991). While husband brought his allegations of waste by wife before the trial court, he presented only innuendo and speculation to support his

3

allegations. In contrast, credible evidence supported the report of the special commissioner regarding the outstanding liens, costs and expenses to be paid prior to the distribution of the remaining marital assets. Based upon that credible evidence, the trial court ordered payments to be made pursuant to the special commissioner's report. Therefore, we cannot say that the trial court abused its discretion by denying husband's motion to sanction wife.

Payment of Lien

On October 7, 1994, husband filed a motion disputing the validity of the lien held by wife's father. On October 25, 1994, the trial court approved the report of the special commissioner and ordered the payment of all outstanding liens and expenses, including the lien held by wife's father. Husband did not endorse the order, although the order indicates the parties were present in court.

Wife presented credible evidence documenting the lien. Husband challenged the lien, but failed to present evidence to support his challenge. "The burden is on the party alleging trial court error to show by the record that the judgment was erroneous, or that the finding was plainly wrong and without evidence to support it by a preponderance of the evidence." Carter v. Thornhill, 19 Va. App. 501, 509, 453 S.E.2d 295, 300 (1995). Husband has not demonstrated that the trial court's decision to approve the outstanding lien was plainly wrong or

4

unsupported by the evidence.

Accordingly, the decision of the circuit court is summarily affirmed.

                                        <u>Affirmed.</u>