## CIRCUIT COURT OF LOUDOUN COUNTY

Sean Weidlein
and James Weidlein,
by their next friend,
Mary E. Campbell-Weidlein

v.

Peter Weidlein,
John Weidlein, Trustee,
and William R. Bernard,
Trustee

October 21, 1999

Case No. (Chancery) 16807

BY JUDGE THOMAS D. HORNE

On January 5, 1998, this Court entered a decree in this case in which it determined that sanctions should be awarded against Mary E. Campbell-Weidlein pursuant to the provisions of § 8.01-271.1, Code of Virginia. The sanctions imposed consisted of the following:

1. The guardian ad litem fee of $5,700.00, payable to E. William Chapman, Esq., be paid within 360 days.

2. The guardian ad litem fee of $2,800.00, payable to Delmara Bayliss, Esq., be paid within 360 days.

3. The attorney's fees incurred by the trust in the preparation of the informal accounting in the amount of $19,539.63, payable to William R. Bernard, Esq., Trustee, be paid within 360 days.

Mary E. Campbell-Weidlein failed to make any payment towards the satisfaction of the sanctions awarded against her within the time prescribed. The evidence indicates that during this period, she had the ability to make payments towards the satisfaction of these court-ordered obligations.

This case is now before the Court on a rule to show cause as to why Mary E. Campbell-Weidlein should not be held in contempt by reason of such failure to make payments in accordance with the aforesaid decree. Since the issuance of the rule, she has made payments totaling $377.17 towards reducing the obligation.

The Court heard evidence ore tenus. Peter Weidlein appeared by counsel; Mary E. Campbell-Weidlein appeared *pro se*.

It is clear from the evidence that Mary E. Campbell-Weidlein has, without legal justification or excuse, failed to obey the prior decree of this Court entered pursuant to § 8.01-271.1, Code of Virginia.

Preliminarily, the Court must determine whether it may enforce an order or decree relating to the satisfaction of a sanctions award involving the payment of attorney's fees. Is such an award only a money judgment enforceable by execution? If so, then to enforce such an award through the contempt powers of the Court would constitute imprisonment for debt, "which is not permitted by our law." *Eddens v. Eddens*, 188 Va. 511, 516 (1948); *Makarov v. Commonwealth*, 217 Va. 381 (1976); § 8.01-467, Code of Virginia.

An award of sanctions is unlike a mere monetary award of damages. It involves the enforcement of a legal obligation arising out of a misuse of the judicial process. The power of a court to award sanctions implicates significant issues of public interest. In giving trial courts the power to award sanctions, the General Assembly took into consideration the financial and emotional hardship imposed upon litigants through the filing of frivolous legal claims.

Sanctions may, but need not, be limited to costs and attorney's fees expended in responding to such spurious assertions. Were the Court to limit the enforcement of the instant award to the remedies available to collect a money judgment, it would undermine the intent of the legislature to penalize those who would misuse free access to justice to the detriment of others. *Cf. Brown v. Brown*, 5 Va. App. 238 (1987).

Having found that the violations of the prior decree of this Court constitute contempt and that Mary E. Campbell-Weidlein has, without legal justification or excuse, failed to obey such decree, this Court finds Mary E. Campbell-Weidlein in civil contempt. She may purge such contempt by paying the sums previously ordered, including the payment of interest accruing on such funds at the judgment rate from the date of the entry of the decree (January 5, 1998) in accordance with the schedule set forth.

Should she fail to purge herself of contempt, a capias shall issue and she shall be confined until she has purged such contempt through her compliance with the payment schedule.

A failure to pay any future installment provided herein shall result in the issuance of a capias and confinement until compliance is effected.

Mr. Weidlein shall be entitled to recover the amount of $2,000.00 towards his attorney's fees and costs in pursuing the instant rule.