COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


JERRY LEE STONEMAN

MEMORANDUM OPINION[*]

v.       Record No. 3057-07-3                                    PER CURIAM
                                                                OCTOBER 14, 2008

DANA GRUBB STONEMAN


FROM THE CIRCUIT COURT OF WYTHE COUNTY
Josiah T. Showalter, Jr., Judge

(James T. Ward, on brief), for appellant.

No brief for appellee.


Jerry Lee Stoneman (husband) appeals the trial court's decision, upon the filing of a petition

to show cause by Dana Grubb Stoneman (wife) due to husband's failure to make a lump sum

payment of twenty-five thousand dollars ($25,000), finding husband guilty of contempt pursuant to

Code § 20-107.3(K)(2), and imposing a twelve-month jail sentence with a $25,000 purge amount.

Husband contends the trial court erred in finding him in contempt and imposing a jail sentence for

his failure to pay the $25,000 award, where the final divorce decree set no time limit for making

such payment.  Upon reviewing the record and husband's brief, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the trial court's decision.  See Rule 5A:27.

By final divorce decree entered September 27, 2005, the trial court ordered husband to

pay wife the lump sum amount of $25,000[1] without specifying any payment date.  It is

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The record on appeal contains no transcripts, however it contains a written statement of facts signed by the parties and the trial judge.  The facts and proceedings recited in this opinion are derived from that written statement of facts and the pleadings and orders contained in the record.

undisputed that husband failed to pay the $25,000 to wife. On July 17, 2006, wife filed a Motion

to Reinstate on Active Docket for the purpose of issuing an order to show cause why husband

had not paid her the $25,000 lump sum awarded by the trial court in the final decree. On July

17, 2006, wife also filed a petition for show cause requesting the trial court enter an order

requiring husband to show cause why he had failed to obey the court order.

On July 19, 2006, upon argument of counsel, the trial court entered an order reinstating

the case on the active docket for the purpose of having a show cause hearing and to provide other

appropriate relief as the court might deem necessary.

In an order signed December 12, 2007, and entered "*pro nunc tunc*"[2] to January 23, 2007,

the trial court stated it found on December 14, 2006, that husband had not paid the $25,000 lump

sum award to wife, as ordered in the final decree, and ordered husband to develop a plan for

payment of the $25,000 by January 23, 2007.[3] The order signed December 12, 2007 and entered

*nunc pro tunc* to January 23, 2007, also indicated that on January 23, 2007, the trial court found

husband had not developed a plan to pay the $25,000 to wife, and ordered husband to pay

$25,000 in a lump sum to wife by March 20, 2007, at 5:00 p.m.[4] Husband's counsel endorsed

that order as "seen and objected to."

---

[2] The correct phrase is "*nunc pro tunc*."

[3] The trial court also entered an order on December 19, 2007 "*pro nunc tunc*," indicating that upon hearing evidence, it found the parties' final divorce decree dated September 27, 2005, awarded payment of $25,000 to wife and that no payments had been made as of December 14, 2006. The trial court ordered husband to develop a plan of payment of the $25,000 to be submitted to the trial court by January 23, 2007. Husband's counsel endorsed that order "seen and objected to for reasons stated in oral argument and holding of Brown v. Brown, 5 Va. App. 238[,] 361 S.E.2d 364; 1987."

[4] The trial court also entered an order on January 29, 2007, upon a January 23, 2007 hearing on wife's show cause petition, ordering husband to pay wife the lump sum of $25,000 no later than March 20, 2007, by 5:00 p.m. Husband's counsel endorsed that order as "seen and objected to."

By order entered December 17, 2007, the trial court found, upon the filing of a show cause for failure to make the lump sum payment of $25,000 by husband to wife by March 20, 2007 at 5:00 p.m. and upon hearing evidence, that husband was guilty of contempt of court pursuant to Code § 20-107.3(K)(2). Upon that finding of contempt, the trial court imposed a twelve-month jail sentence with a $25,000 purge amount.[5] Husband's counsel endorsed that order "seen and objected to for reasons stated in oral argument pursuant to <u>Brown</u> . . . ."

In his argument on appeal, husband cites Rule 1:1 for the proposition that the final decree "could not be corrected by the [t]rial court," but that the trial court nevertheless did so by entering orders on January 23, 2007 and December 17, 2007, which amended the final decree.

The statement of facts submitted does not indicate that husband argued a Rule 1:1 violation below nor does it recite any argument at all. Husband cites <u>Brown v. Brown</u>, 5 Va. App. 238, 361 S.E.2d 364 (1987) (superseded by statute on other grounds), to preserve his argument before this Court. However, <u>Brown</u> does not address Rule 1:1.

<u>Brown</u>, *inter alia*, stands for the proposition that a monetary award is a money judgment and cannot be enforced by the court's contempt powers. On appeal, husband argues <u>Brown</u> bars the trial court from enforcing his failure to pay the award by finding him in contempt.

Husband did not preserve his Rule 1:1 argument below. <u>See</u> Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."). Therefore, the question presented is defaulted.

In his brief, husband argues <u>Brown,</u> yet his argument that the enforcement of an equitable distribution award cannot be enforced by contempt is defaulted as well since this issue was not encompassed in the question presented, which stated:

---

[5] This order constituted a civil contempt of court, not criminal contempt, as the punishment was conditional and could be avoided by compliance with the trial court's order. <u>See</u> <u>Powell v. Ward</u>, 15 Va. App. 553, 558, 425 S.E.2d 539, 542-43 (1993).

> Did the trial court err in finding the appellant in contempt of court and imposing a jail sentence for his failure to pay the $25,000.00 award when no time limit was set in the original final divorce decree?

Since husband did not include this argument in his questions presented, we will not address it on appeal. Rule 5A:20; <u>Hillcrest Manor Nursing Home v. Underwood</u>, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding that "an issue [was] not expressly stated among the 'questions presented,' . . . we, therefore, decline to consider [it] on appeal").

For these reasons, we summarily affirm the trial court's decision.

<u>Affirmed.</u>