# ROBERT JACKSON LOWE, SR.

## V.

# KAY NEAL LOWE

Record No. 841440

June 12, 1987

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas, JJ., and
Cochran, Retired Justice

432

*Jefferson B. Brown* for appellant.
*Albert L. Fary, Jr.* for appellee.

POFF, J., delivered the opinion of the Court.

This appeal from a divorce decree requires us to construe the provisions of Code § 20-107.3, commonly called the equitable distribution statute. The question we decide is whether the chancellor erred by ordering the husband to convey to the wife his interest in the jointly owned marital home.

Kay and Robert Lowe were married in 1961. In 1967, the couple purchased a home in Portsmouth as tenants by the entireties. On September 1, 1982, Kay filed a bill of complaint seeking a divorce on the grounds of adultery and desertion. The cause was referred to a commissioner in chancery who concluded there was insufficient evidence to establish the allegation of adultery. The commissioner recommended that Kay be granted a divorce *a mensa et thoro* on the ground of constructive desertion, and made further recommendations with respect to child custody, spousal and child support, and attorney's fees. The commissioner declined to make recommendations concerning the division of the parties' jointly owned property or the request for a lump sum payment to either party.

Kay filed exceptions to the commissioner's report and the chancellor held a hearing on January 10, 1984. The chancellor ruled there was sufficient evidence of Robert's adultery to grant Kay a divorce on that ground. In the final decree, the chancellor awarded Kay custody of the couple's minor child and both spousal and child support. Additionally, he directed Robert to execute a deed conveying to Kay his interest in the marital home. The chancellor did not grant Kay a monetary award.

On appeal, Robert argues that Code § 20-107.3 "does not empower the Court to order the transfer of real estate titles"; that although the statute gives the court authority to partition marital property or to grant a monetary award, the court did neither in

this case; and that, in any event, the court could not grant Kay a monetary award because "she has not pleaded or claimed her right to such an award."

 We think that Kay's prayer that the chancellor "determine property rights" was sufficient to invoke the court's jurisdiction under Code § 20-107.3 to make a monetary award as a component of a system of equitable distribution. However, we agree with Robert's contention that the chancellor exceeded his authority by ordering Robert to convey title to his interest in the home to Kay.

 We have consistently held that jurisdiction in a divorce suit is purely statutory. Although the court may have jurisdiction over both the subject matter and the parties, the court may nevertheless exceed its statutory authority if " 'the character of the judgment was not such as the court had the power to render, or [if] the mode of procedure employed by the court was such as it might not lawfully adopt.' " *Watkins* v. *Watkins*, 220 Va. 1051, 1054, 265 S.E.2d 750, 752-53 (1980) (quoting *Anthony* v. *Kasey*, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)).

At the time of the divorce decree, Code § 20-107.3 provided in relevant part as follows:

A. Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, the court, upon motion of either party, shall determine the legal title as between the parties, and the ownership and value of all real and personal property of the parties and shall consider which of such property is separate property and which is marital property.

. . . .

B. For the purposes of this section only, both parties shall be deemed to have rights and interests in the marital property; however, such interests and rights shall not attach to the legal title of such property and are only to be used as a consideration in determining a monetary award, if any, as provided in this section.

C. The court shall have no authority to order the conveyance of separate property or marital property not titled in the names of both parties; however, in the final decree of divorce the court may partition marital property which is titled in the names of both parties.

D. Based upon the equities and the rights and interests of each party in the marital property, the court may grant a monetary award, payable either in a lump sum or over a period of time in fixed amounts, to either party. The party against whom a monetary award is made may satisfy the award, in whole or in part, by conveyance of property, subject to the approval of the court.

■ Subsection (C) of Code § 20-107.3 authorizes the chancellor in a divorce action to partition marital property. Subsection (D) authorizes the chancellor to grant either party a monetary award, and permits the "party against whom a monetary award is made" to satisfy the award by conveyance of property. Nothing in the statute empowers the chancellor to order one spouse to convey his or her interest in jointly owned real estate to the other spouse. *Accord Williams* v. *Williams*, 4 Va. App. 19, 23-24, 354 S.E.2d 64, 66 (1987). Indeed, subsection (B) makes it plain that although the parties' rights and interests in marital property may be used by the court "as a consideration in determining a monetary award", those rights and interests "shall not attach to the legal title of such property".

We hold, therefore, that the chancellor erred in ordering Robert to convey his interest in the marital home to Kay. We will reverse that portion of the decree ordering the conveyance and remand the cause to the chancellor for further proceedings consistent with the views expressed in this opinion.

*Affirmed in part, reversed in part, and remanded.*