### Richmond

#### DORIS ROCK GARLAND

v.

#### JESSE THOMAS GARLAND

No. 0751-90-2

Decided April 2, 1991

COUNSEL

Ronald M. Maupin (Gardner & Maupin, on briefs), for appellant.

Carroll E. Smith, for appellee.

OPINION

**BARROW, J.**—This domestic relations appeal raises questions concerning the trial judge's decision to terminate spousal support upon the occasion of the husband's retirement and his decision to classify the marital home as the wife's separate property. We conclude that the trial court erred in each of these decisions and, therefore, reverse the decree.

Husband and wife, married since 1965, purchased their marital residence in 1973. The husband paid the $5,000 down payment and made all the mortgage payments until the parties first separated in 1980. On March 17, 1981, the parties executed a property settlement agreement in anticipation of a pending divorce action. In the agreement, the husband conveyed his entire interest in the marital residence to the wife. In 1981, the parties reconciled and terminated the divorce action, and the husband resumed making the mortgage payments on the residence. The legal title to the residence, however, remains in the wife's name.

In 1985 or 1986, the husband moved from the marital home and has not returned. On October 29, 1986, the husband sought a divorce from the wife.

The husband originally presented evidence that his take-home pay was $551.59 every two weeks from his job as a water plant operator for the Marine Corps. He later testified that his pay had been reduced to $504.00 every two weeks. As of June 16, 1988, the husband was fifty-two years old. He testified that he planned to retire at age fifty-five and begin drawing pay from his government retirement plan. By June 16, 1988, the husband had accumulated $26,965.72 in retirement benefits, and the husband estimates he will receive $900 a month from the plan upon retirement. The husband also stated that he quit a part-time job as a security officer in December, 1987, due to high blood pressure and diabetes.

The wife has worked on and off as a private nurse since the parties married. During the proceedings, the wife was working 16-32 hours a week, making $5.00 an hour before taxes. She testified that her doctor does not want her to work because of her bad health, which includes angina and high blood pressure. The wife was 60 years old on March 3, 1989. Her only retirement benefits will come from social security, which the wife estimates will be around $300 per month. The wife's monthly mortgage payment on the house is $284. The wife also takes care of her mother, who is in poor health and has lived with the wife from the time the husband and wife married until the present. The mother receives $275 a month from social security. The parties do not have any children from the marriage.

The husband testified that the house is worth between $75,000 and $80,000. The wife testified that it is worth $45,000, with $27,000 due on the mortgage.

In his report, the commissioner recommended that the trial court grant the wife a divorce based on willful desertion, require the husband to pay to the wife fifty percent of the marital share of his retirement benefits as he receives them, and require the husband to pay $300 a month to the wife in spousal support until his retirement. Further, the commissioner found that the marital residence is marital property and that the husband should receive a monetary award of $25,000.

In a letter opinion, the trial court affirmed the commissioner's findings as to the grounds for divorce and the award of spousal support. The trial court found, however, that the marital residence is the wife's separate property and, therefore, the commissioner erred in awarding the husband a monetary award. The court also rejected the commissioner's recommendation that the husband pay the wife a percentage of his retirement benefits.

### SPOUSAL SUPPORT

■ The wife argues that the trial court erred in ordering the husband's spousal support obligation to end upon his retirement. Similarly, in *Thomas v. Thomas*, 217 Va. 502, 229 S.E.2d 887 (1976), the wife complained that the trial court erred in limiting support payments from her husband to two years. The Court held that the trial court's action was error "as it is not supported by

the record." *Id.* at 505, 229 S.E.2d at 890. The Court pointed out that Code § 20-109 provides continuing jurisdiction for a trial court "where changed circumstances are demonstrated, to increase, decrease or terminate" a spousal support award. *Id.* However, the Court found that the record was devoid "of any evidence that [the wife's] need or [the husband's] ability to provide for that need would substantially change within the immediate or reasonably foreseeable future." *Id.*

In this case, the record does not support the decision to terminate spousal support upon the husband's retirement. The record does not reflect the extent of the wife's need for support nor does it reflect the husband's ability to pay support at that time. The decision to terminate the husband's obligation to provide spousal support upon his retirement was, therefore, error.

### MARITAL RESIDENCE

The husband complains that the trial court erred in finding that the marital residence is the wife's separate property and not subject to equitable distribution. He argues that if the provision of the separation agreement transferring the marital residence to the wife remains binding, the provision in which the wife waived alimony and all other claims against the husband must also remain binding since the former was given in consideration of the latter.

The wife claims that "a reconciliation of the parties invalidates all executory provisions of a property settlement agreement between the parties but has no effect on those provisions that have already been executed." *See Yeich v. Yeich*, 11 Va. App. 509, 513, 399 S.E.2d 170, 172 (1990); *see also* Twell & McIntosh, *The Effect of Reconciliation on Marital Agreements*, 38 Va. Law. 12 (1990). Therefore, since the transfer of the marital residence was executed before the reconciliation, it remains binding.

It does not necessarily follow, however, that the marital residence was correctly classified as separate property for equitable distribution purposes. Even though the wife may retain legal title to the property as a result of the separation agreement, whether the property is separate or marital is determined by the statutory definition and is not determined by legal title.

For purposes of equitable distribution, separate property is:

(i) all property . . . acquired by either party before the marriage; (ii) all property acquired during the marriage by bequest, devise, descent, · survivorship or gift *from a source other than the other party*; (iii) all property acquired during the marriage in exchange for or from the proceeds of sale of separate property. . .; and (iv) that part of any property classified as separate pursuant to subdivision A 3.

Code § 20-107.3(A)(1) (emphasis added). Marital property is "property acquired by each party during the marriage which is not separate property." Code § 20-107.3(A)(2). These two subsections, when read together, establish that if the property does not fall within the definition of separate property it must be classified as marital property.

The property at issue in this case does not conform to the definition of separate property. The wife acquired sole title to the marital residence during the marriage. She acquired it by means other than gift or inheritance, and she acquired the property from her husband, "the other party"— an acquisition specifically excluded from the statute. Therefore, based on the language of the statute, the trial court erred in finding that the marital residence is the wife's separate property.

Other jurisdictions have held, in cases factually similar to this one, that "property transferred pursuant to a separation agreement which later becomes invalid as a result of reconciliation of the parties is separate property not subject to equitable distribution." *Kaminsky v. Kaminsky*, 364 S.E.2d 799, 803 (W. Va. 1987); *see also Brazina v. Brazina*, 233 N.J. Super. 145, ____, 558 A.2d 69, 73-74 (1989). We, however, must follow the direction of our statute.

We hold, therefore, that the trial court erred in classifying the marital home as the wife's separate property. As a result, this proceeding must be remanded for further consideration of a monetary award based on a classification of the property that would include the marital home as marital property.

### RETIREMENT BENEFITS

The commissioner recommended that the wife receive fifty percent of her marital share of the husband's retirement benefits. The trial court rejected this recommendation, stating that, in light of

the trial court's reversal of the commissioner's finding that the marital residence is marital property, "one side of the equation used by the commissioner to reach his conclusion no longer exists."

Since the trial court incorrectly determined that the marital residence was separate property, this issue regarding retirement benefits must also be reconsidered since the trial court explicitly tied this finding to its finding that the marital residence is separate property.

### CONTEMPORANEOUS OBJECTION

In *Lee v. Lee*, 394 S.E.2d 490 (Va. Ct. App. 1990) (rehearing en banc granted July 18, 1990), this Court determined that counsel's endorsement of the trial court's order as "seen and objected to" does not adequately preserve issues in a divorce proceeding for appellate review. Here, the husband argues that *Lee* bars review of this case since the wife's only objection to the trial court's decision is her counsel's endorsement of the final decree as "seen and excepted to." We are able to determine, however, from the exceptions filed by the parties to the commissioner's report that the issues raised on appeal were addressed by the trial court; therefore, the wife is not barred from raising these issues on appeal.

For these reasons, the decree of the trial court is reversed to the extent that it (1) denies the husband a monetary award, (2) denies the wife a monetary award based on the husband's retirement benefits and (3) terminates the award of spousal support to the wife upon husband's retirement. The proceeding is remanded to the trial court for reconsideration in a manner consistent with this opinion.

*Reversed and remanded.*

Cole, J., and Willis, J., concurred.