COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia

JACOB E. BAER, JR.

v.          Record No. 2278-94-1     MEMORANDUM OPINION[*] BY
                                      JUDGE WILLIAM H. HODGES
ANN COURTNEY ANDREWS BAER

          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                     Robert W. Curran, Judge

          Donald K. Butler (Player B. Michelsen;
          Morano, Colan and Butler, on brief), for
          appellant.

          John F. Rixey (Rixey and Rixey, on brief), for
          appellee.


     Jacob E. Baer, Jr. (husband) appeals the decision of the

circuit court granting Ann Courtney Andrews Baer (wife) an

equitable distribution award and deciding other issues.

     Husband raises the following issues on appeal:
          (1)  whether the trial court erred in finding
          that husband's payment of the $185,000
          Samarkand downpayment was a gift to the
          marital estate;

          (2)  whether the trial court erred in
          determining that marital equity arose from
          the purchase and sale of Samarkand;

          (3)  whether the trial court erred in
          determining the amount still due on a loan by
          wife to husband;

          (4)  whether the trial court erred in
          classifying the runabout boat as marital
          property;

          (5)  whether the trial court erred in

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

granting wife an equitable distribution award; and

(6) whether the trial court erred in awarding attorney's fees to wife, and denying attorney's fees to husband.

Wife raises some additional issues in her brief:

(1) whether the trial court erred in failing to award wife a divorce on the grounds of cruelty and constructive desertion;

(2) whether the trial court erred in its equitable distribution award;

(3) whether the trial court erred in its spousal support award; and

(4) whether the trial court erred in requiring wife to pay attorney fees and costs.

The commissioner in chancery received evidence on the issues of equitable distribution, spousal support, and the grounds for divorce. The trial court conducted an additional inquiry into the reasonableness of wife's attorney fees.

## I. Equitable Distribution Award

Both parties challenge the equitable distribution award. Husband challenges the commissioner's findings that Samarkand, which was purchased during the marriage by husband as his separate property, was marital property. Alternatively, husband argues that even if Samarkand is marital property, there was no equity to be divided. Wife contends that the commissioner undervalued the marital equity and failed to classify additional assets as marital property.

"Fashioning an equitable distribution award lies within the

2

sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

> "[T]he chancellor is necessarily vested with broad discretion in the discharge of the duties . . . [Code § 20-107.3] imposes upon him.  Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal."

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted).

We find that the evidence fails to support the trial court's conclusion that Samarkand was marital property.  The deed conveyed Samarkand to husband as "his sole and separate estate, free from the debts and controls of marital rights."  However, the classification of Samarkand as separate or marital property "is determined by the statutory definition and is not determined by legal title."  Garland v. Garland, 12 Va. App. 192, 195, 403 S.E.2d 4, 6 (1991).  Under the applicable statute, separate property includes "all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property."  Code § 20-107.3(A) (1) (iii) (1990).

3

The record demonstrates that the parties came to the marriage with separate assets and took care to segregate and maintain separate property throughout their marriage. Consistent with this arrangement, Samarkand was treated by the parties as husband's separate property. Husband's separate funds were used for the down payment and husband was solely liable for the construction financing. Husband asked for, and received, a loan from wife to cover his expenses related to the renovation of Samarkand. Wife admitted that husband had wanted to purchase a home in Mathews County for years before the parties were married. She also admitted she made no financial contributions to either the acquisition or renovation of Samarkand, with the exception of the $17,000 loan.

Therefore, we reverse the finding of the trial court that Samarkand was marital property subject to equitable distribution. Accordingly, as Samarkand was husband's separate property, wife was not entitled to an award of any of its equity.

Wife argues that "The Barn" and Lotus Corporation were transmuted into marital property because there was a commingling of marital assets with husband's separate assets. The trial court rejected wife's contentions, finding that the evidence showed no substantial contributions to either the property or the business. These two assets were husband's separate property before the marriage. Wife failed to prove that these assets had lost their identity as husband's separate assets. See Code § 20-

4

107.3(A)(1)(i) and (3)(d). Therefore, credible evidence supported the trial court's determination that these assets remained husband's separate property.

The commissioner did not believe husband's argument that he received only $11,500 in loans from wife and that he repaid this loan throughout the fall of 1990. While husband asserted that he expected wife to pay him $5,500 for the anniversary trip the parties gave to wife's parents, the testimony established that husband rejected the parents' offers of payment. Moreover, husband's credibility was hurt by his post-negotiation addition of "loan repayment" on checks sent to wife as voluntary support payments. The commissioner found wife's version to be more credible, and we agree that credible evidence supports the conclusion that husband owed wife $11,000 on her loans totaling $17,000.

Credible evidence also supports the trial court's finding that a runabout boat worth $1,500 was marital property. The boat was purchased during the marriage. In the absence of other evidence, the commissioner found that the presumption that the boat was marital property controlled. Therefore, we affirm the trial court's finding as to the runabout boat.

In summary, we reverse the portion of the equitable distribution award to wife which was based upon twenty-five percent of the equity in Samarkand. We affirm the trial court's award of $11,000 for the loan repayment to wife and $750 as

5

wife's share of the value of the runabout boat.

## II.  Spousal Support

Both parties challenge the amount of spousal support awarded by the court.  "The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21,  27, 341 S.E.2d 208, 211 (1986) (citations omitted).

Wife was employed prior to the marriage, and expressed an interest in continuing employment as an accountant.  However, as the commissioner noted, the lifestyle the parties enjoyed throughout their marriage was not compatible with regular employment and wife's lack of employment was in accordance with husband's wishes.

Nonetheless, wife left the five-year marriage with the same financial resources with which she entered the marriage.  As noted by the commissioner, wife's dependency upon the parties' high standard of living during the marriage was modified by the short duration of the parties' marriage.  See Code § 20-107.1(3) and (4).  The court's denial of wife's request for $6,000 a month in spousal support, including $12,000 for annual travel and clothing expenses, cannot be said to be unjust.  Wife has the training and experience to support herself.

Wife also argues that the trial court's award amounted to a set amount of support for a fixed period of time, contrary to the

6

requirement that support be based on circumstances in existence at the time of the awarded. It is clear that the trial court awarded wife a lump sum amount, payable over time. "The court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments, or in a lump sum award, or both." Code § 20-107.1. Therefore, wife's argument is without merit.

We cannot say the court abused its discretion in awarding wife $10,000 as a lump sum spousal support, payable at the rate of $1,500 per month, plus interest.

### III. Grounds for Divorce

The commissioner found, and the trial court confirmed, that there was insufficient evidence to support wife's allegations of cruelty and constructive desertion as the grounds for divorce. While there was evidence of some physical violence, wife admitted that she did not form the intent to end the marriage until husband walked out of marital counseling. The parties testified that they continued to "date" and be intimate for several months after wife moved out of the marital home. Therefore, there was insufficient evidence to find that any incidents of physical confrontation were the basis for the divorce.

Moreover, even where dual grounds for divorce exist, the trial judge "can use his sound discretion to select the appropriate grounds upon which he will grant the divorce." Zinkhan v. Zinkhan, 2 Va. App. 200, 210, 342 S.E.2d 658, 663

7

(1986).  The trial judge is not "compelled 'to give precedence to one proven ground of divorce over another.'"  <u>Williams v. Williams</u>, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted).  The evidence established that the parties had lived separate and apart for more than one year.  Therefore, the trial court's decision was supported by substantial, credible and competent evidence.  We cannot say the trial court abused its discretion in granting a divorce on that ground.

## IV.  Attorney's Fees and Costs

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  <u>Graves v. Graves</u>, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  <u>McGinnis v. McGinnis</u>, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court disallowed $8,850 in wife's attorney's fees after receiving evidence that counsel pursued certain arguments which were not reasonable after a July 1990 statutory change.  The court retained the commissioner's recommendation that husband pay eighty percent of wife's fees.  The parties were ordered to split costs evenly.  Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

The trial court's award of equitable distribution of Samarkand is reversed and all other issues raised on appeal are affirmed.  Accordingly, this cause is remanded for the entry of a decree consistent herewith.

<u>Reversed in part;</u>
<u>affirmed in part.</u>

9