COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


PHILLIP T. LARGEN

                                MEMORANDUM OPINION[*]
v.    Record No. 2856-96-3                   PER CURIAM
                                  MAY 27, 1997
COLLEEN H. LARGEN (HARTIS)


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Richard C. Pattisall, Judge

(Arthur E. Smith, on brief), for appellant.

(John J. Robertson; Legal Aid Society of the
New River Valley, Inc., on brief), for
appellee.


    Phillip T. Largen (husband) appeals the decision of the
circuit court classifying a Honda automobile as marital property.
Husband raises four arguments on appeal.  He contends that the
trial court erred by (1) making an equitable distribution award
to Colleen H. Largen (Hartis) (wife) when she did not seek
equitable distribution of marital property or allege the
existence of an oral agreement; (2) finding that the parties
entered into an enforceable oral premarital contract; (3) finding
that husband's separately titled automobile was transmuted into
marital property by oral agreement and other factors; and (4)
determining the value of the car in the absence of any evidence.
Upon reviewing the record and briefs of the parties, we conclude
that this appeal is without merit.  Accordingly, we summarily

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

affirm the decision of the trial court.  Rule 5A:27.

"In reviewing an equitable distribution award, we rely heavily on the trial judge's discretion in weighing the particular circumstances of each case."  Aster v. Gross, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988).  "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

The sole issue concerns the 1991 Honda automobile titled in husband's name at the time of the marriage.  The evidence established that husband purchased the car in 1991 but that wife paid the entire debt of $13,111.52 two weeks prior to the marriage and gave the title to husband.  The court found that the parties agreed to pay off the car so that they could obtain financing on a new home.  The court also found that husband agreed to title the car in both names, but failed to do so.  Wife also paid off husband's separate debts of $6,000 and paid all maintenance and insurance on the car.  Husband was unemployed for one year during the two-year marriage.

## Pleadings

The trial court had equitable distribution jurisdiction pursuant to husband's prayer in his cross-bill for the court to determine the parties' property rights.  See Lowe v. Lowe, 233 Va. 431, 433, 357 S.E.2d 31, 32 (1987).  After finding it clearly

2

necessary to do so, the court bifurcated this matter, entered the decree of divorce, and retained jurisdiction to resolve the parties' equitable distribution.  See Code § 20-107.3(A).

### Oral Agreement

The trial court found that the parties agreed to retitle husband's automobile in both parties' names.  Husband contends wife failed to prove the existence of any agreement and that it would be unenforceable because it was not in writing.  See Code § 20-148.

The agreement does not fail because it was not in writing. "To be valid and enforceable, the terms of an oral agreement must be reasonably certain, definite, and complete to enable the parties and the courts to give the agreement exact meaning." Richardson v. Richardson, 10 Va. App. 391, 395, 392 S.E.2d 688, 690 (1990).  In the absence of any understanding that the oral agreement will be reduced to writing, the agreement is not unenforceable, but "the proponent of the oral contract has the burden of proving all elements of a valid enforceable contract." Id. at 396, 392 S.E.2d 690.  The trial court found the terms of the oral agreement sufficiently definite, as do we.  Wife paid over ninety percent of the purchase price of the automobile in furtherance of the parties' goal to purchase a home together. Substantial evidence supports the trial court's conclusion that the parties agreed to jointly title the car but that husband failed to follow through with his obligation under the agreement.

3

<u>Transmutation</u>

Husband contends that the trial court erred in finding that the car was transmuted into marital property, as the car was titled in his name only and wife's payments prior to the marriage did not constitute personal efforts under Code § 20-107.3(A)(3). Husband does not challenge the court's findings that wife paid $13,111 of the total purchase price of $14,500 and paid all maintenance and insurance costs.

As noted above, the court found that husband failed to retitle the car in both parties' names. But for husband's violation of the parties' agreement, any discussion of the classification of the car as marital property would be mere cavil. Title alone does not sway the decision, for "whether the property is separate or marital is determined by the statutory definition and is not determined by legal title." <u>Garland v. Garland</u>, 12 Va. App. 192, 195, 403 S.E.2d 4, 6 (1991).

> [T]o disregard the parties' contributions to the acquisition and maintenance of the property and how and when they acquired rights and equities in the property--whether pre- or post-marital--is to disregard the mandate of the statute. Nothing in Code § 20-107.3 limits consideration of the various subsection (E) factors to the time frame of the marriage.

<u>Floyd v. Floyd</u>, 17 Va. App. 222, 227, 436 S.E.2d 457, 460 (1993).

"Property which is initially separate may become marital property either by express agreement, or by the manner in which it is maintained." <u>McDavid v. McDavid</u>, 19 Va. App. 406, 410-11,

5

451 S.E.2d 713, 716 (1994). See Westbrook v. Westbrook, 5 Va. App. 446, 454, 364 S.E.2d 523, 528 (1988). In this case, there was both an express, but unfulfilled, agreement and wife's greater contributions and maintenance. We cannot say that the trial court was plainly wrong in ruling that the automobile purchased by husband prior to the marriage, but ninety percent paid for and maintained by wife, was transmuted into marital property.

## Valuation

The evidence established that the car was purchased for $14,500 in 1991 and maintained throughout the marriage. Neither party presented evidence of the car's current value. The court ruled that

> from the evidence of the purchase price of the vehicle, the loan payoff balance, the plaintiff's efforts directed to the care, maintenance and condition of the vehicle, her use of the vehicle, pertinent periods of timespan, depreciation and other factors considered and within the knowledge of the Court, that the value of the marital property in question is $12,000, although the Court acknowledges that neither party offered evidence of the value of the Honda on September 22, 1995, the date of the evidentiary hearing.

The court's decision was not based on judicial notice of facts not in evidence, even though the only precise value amount given by the parties was the purchase price in 1991. Cf. Darnell v. Barker, 179 Va. 86, 93, 18 S.E.2d 271, 275 (1942). We cannot say on appeal that the court's finding that the car was worth $12,000

6

was unsupported by the evidence.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.