COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


LOIS A. APELT

MEMORANDUM OPINION[*]

v.   Record No. 0081-97-1                 PER CURIAM
                                       SEPTEMBER 9, 1997
EGON R. APELT


        FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
              Everett A. Martin, Jr., Judge

        (Andrew R. Sebok, on brief), for appellant.

        (Halbert T. Dail, on brief), for appellee.


     Lois Apelt (wife) appeals the decision of the circuit court

granting Egon Apelt (husband) a divorce and deciding other

issues.  Wife argues that the trial court erred by (1) awarding

husband a divorce on the grounds of cruelty and desertion,

(2) failing to classify all property titled in both parties'

names or in their joint names as marital property, and (3)

failing to divide the marital estate equally between the parties.

 Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

     The evidence was received by a commissioner in chancery.

The commissioner's report

> should be sustained unless the trial court
> concludes that the commissioner's findings
> are not supported by the evidence.  This rule
> applies with particular force to a
> commissioner's findings of fact based upon

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence taken in his presence, but is not applicable to pure conclusions of law contained in the report. . . . [W]here the chancellor has disapproved the commissioner's findings, this Court must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. Even where the commissioner's findings of fact have been disapproved, an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear, and evaluate the witnesses at first hand.

Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984) (citations omitted).

I.

The commissioner found sufficient evidence to award husband a divorce on the grounds of cruelty and desertion. "It would appear to your Commissioner from the course of conduct of [wife] that her interest in [husband] during the marriage was limited to her access to his property, money and accounts, and that she made his life intolerable when [husband] resisted her efforts to spend his resources." The trial court confirmed the commissioner's report on the grounds for divorce, and evidence in the record before us fully substantiates the commissioner's conclusion that wife was guilty of cruelty and desertion.

II.

Wife contends that the trial court erred when it failed to find that all property jointly titled was marital property. While the commissioner found that the marital residence and stock owned by husband prior to the marriage had been transmuted into

2

marital assets, the trial court found no evidence of donative intent and overruled the commissioner's finding.  Our review of the record demonstrates that the trial court properly applied the law to the evidence before it.

"[W]hether the property is separate or marital is determined by the statutory definition and is not determined by legal title."  Garland v. Garland, 12 Va. App. 192, 195, 403 S.E.2d 4, 6 (1991).  Under Virginia's equitable distribution statute,

> [w]hen separate property is retitled in the
> joint names of the parties, the retitled
> property shall be deemed transmuted to
> marital property.  However, to the extent the
> property is retraceable by a preponderance of
> the evidence and was not a gift, the retitled
> property shall retain its original
> classification.

Code § 20-107.3(A)(3)(f).  The statute further provides that "[n]o presumption of gift shall arise under this section where . . . existing property is conveyed or retitled into joint ownership."  Code § 20-107.3(A)(3)(g).

> Virginia does not presume a gift simply by
> virtue of jointly titling or retitling
> property.  A party claiming entitlement to
> rights and equities in marital property by
> virtue of an interspousal gift must prove the
> donative intent of the donor spouse and the
> nature and extent of the donor's intention.

Lightburn v. Lightburn, 22 Va. App. 612, 616-17, 472 S.E.2d 281, 283 (1996) (citation omitted).  See also Theismann v. Theismann, 22 Va. App. 557, 565, 471 S.E.2d 809, 813 (1996).  As the party seeking to prove a gift, wife bore the burden of proving "every fact and circumstance necessary to constitute a valid gift by

3

clear and convincing evidence." Rust v. Phillips, 208 Va. 573, 578, 159 S.E.2d 628, 631 (1968).

The trial court found that wife presented no evidence of donative intent and that, upon reviewing the evidence, the record did not prove husband intended to make a gift to wife of the property. While husband nullified the parties' pre-nuptial agreement, against the advice of counsel, and with the recitation that it was done in consideration for the parties' love for each other, the record reflects that husband sought to obtain peace from wife's badgering. Wife awakened husband at night; stockpiled goods in her room; accused husband of poisoning his previous wife, who died from cancer; and accused husband of feeding her ground glass. Husband testified that wife's repeated demands to change his will and revoke the pre-nuptial agreement were "very nerve wracking" and he eventually made the changes wife wanted in the unsuccessful hope that it would resolve the conflicts. Husband lost weight. His son testified husband grew "haggard and worn."

Based upon our review of the evidence, we cannot say that the trial court erred in determining that husband's revocation of the pre-nuptial agreement and titling the marital residence in both names did not indicate a donative intent on his part and that wife failed to carry her burden to prove a gift. Therefore, we find no error in the trial court's classification of these assets.

4

III.

Wife contends that the trial court erred by failing to equally divide the parties' property. As discussed above, the court classified the stocks and marital residence as husband's separate property. Only minor additional assets remained for distribution. Moreover, Virginia's equitable distribution scheme does not provide "a statutory presumption of equal distribution." Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986).

The parties were married for approximately two years. Husband had no debts prior to the marriage. Marital debts totaled over $17,000 as of the date of the commissioner's hearing. Wife spent $60,000 during the marriage. Husband's son testified that wife's room was stacked with her purchases, including furniture, carpets, an entertainment system, a big-screen television, VCR, compact disc player, tape players, record players, and boxes of other items. Wife repeatedly threatened to leave husband with no money. Wife admitted charging $6,000 on husband's Sears credit card without his consent.

Based on this evidence, the trial court assigned eighty-five percent of the marital debt to wife. We cannot say that the court's equitable distribution decision was plainly wrong or without evidence to support it. See Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>
