COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


GERALDINE I. JONES
                                    MEMORANDUM OPINION* BY
v.    Record No. 2580-99-3          JUDGE SAM W. COLEMAN III
                                         MAY 30, 2000
FRANK E. JONES


              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                      Clifford R. Weckstein, Judge

              G. David Nixon (Huffman & Nixon, P.C., on
              briefs), for appellant.

              Arthur P. Strickland (Arthur P. Strickland,
              P.C., on brief), for appellee.


        Geraldine I. Jones appeals the trial court's entry of a

final divorce decree on the grounds that the parties had lived

separate and apart for more than one year pursuant to Code

§ 20-91(A)(9)(a).  She also appeals the court's equitable

distribution award.  Geraldine Jones argues that the court erred

by entering the divorce decree because when the bill of complaint

was filed, the parties had not lived separate and apart for one

year, as required by the statute; therefore, the court lacked

jurisdiction over the case.  We hold that the court erred by

entering the final divorce decree because the grounds for divorce

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

alleged in the bill of complaint did not exist when the bill was filed and, thus, the court lacked jurisdiction to entertain the suit at the time it was filed. Moreover, no amended bill was filed. Accordingly, we vacate the divorce decree and dismiss the bill of complaint. We necessarily do not reach the equitable distribution issues.

BACKGROUND

The parties were married in June 1985. On July 28, 1997, Frank Jones filed a bill of complaint for divorce, alleging that he and Geraldine Jones separated on January 23, 1993 and had lived separate and apart continuously and without cohabitation for more than one year. At the June 1999 ore tenus hearing, Geraldine Jones moved to dismiss the suit, asserting that when the suit was filed in 1997, the couple had not lived separate and apart for the statutory period. Geraldine Jones testified that after separating on January 23, 1993, the parties resumed living together in August 1994 and lived together continuously until June 1997, approximately one month before the suit for divorce was filed. Thus, she contends when the bill of complaint was filed, the parties had no ground under Code § 20-91(A)(9)(a) to seek or obtain a divorce, which is a jurisdictional prerequisite for filing suit. At the hearing, Frank Jones agreed that Geraldine Jones' factual account of when they separated was correct. The court ruled that although the grounds for divorce did not exist

when the suit was filed, the parties had lived separate and apart continuously for one year at the date of the hearing; thus, grounds for divorce did exist at the time of the hearing. Accordingly, the circuit court denied Geraldine Jones' motion to dismiss and entered a divorce decree a vinculo matrimonii based on the parties having lived separate and apart for more than one year and without an amendment to the bill of complaint.

## ANALYSIS

Code § 20-91(A)(9)(a) provides, in part, that "[a] divorce from the bond of matrimony may be decreed . . . [o]n the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year."  "The act relied upon for divorce must be alleged and proved to have occurred prior to the bringing of the suit, not based upon some act or conduct alleged to have taken place during its pendency."  Beckner v. Beckner, 204 Va. 580, 583, 132 S.E.2d 715, 717-18 (1963); see also Johnson v. Johnson, 213 Va. 204, 210, 191 S.E.2d 206, 210 (1972).

> We have consistently held that jurisdiction in a divorce suit is purely statutory. Although the court may have jurisdiction over both the subject matter and the parties, the court may nevertheless exceed its statutory authority if the character of the judgment was not such as the court had the power to render, or [if] the mode of procedure employed by the court was such as it might not lawfully adopt.

<u>Lowe v. Lowe</u>, 233 Va. 431, 433, 357 S.E.2d 31, 33 (1987) (internal quotations and citations omitted.

The undisputed proof is that Geraldine Jones and Frank Jones had not lived separate and apart without cohabitation for the requisite one-year period before the suit was filed in July 1997. Here, no amended bill of complaint was filed. Code § 20-91(A)(9)(a) provides that a "no-fault" divorce may be granted only after an application has been filed properly alleging that the parties have lived separate and apart for the requisite time. See <u>Moore v. Moore</u>, 218 Va. 790, 796, 240 S.E.2d 535, 538 (1978) (finding that an application under Code § 20-91(A)(9)(a) refers to a bill of complaint or a cross-bill). The ground for divorce alleged is a statutory element and jurisdictional prerequisite to filing the suit for divorce under Code § 20-91(A)(9)(a). The grounds must be properly alleged and proven. Thus, the trial court erred in entertaining the bill of complaint for divorce and in entering the divorce decree therein for which the proof showed, and the parties conceded therein, the grounds alleged did not exist.

For the foregoing reasons, we reverse the trial court, vacate the divorce decree, and grant the wife's motion to dismiss the bill of complaint.

<u>Reversed and dismissed.</u>