T.C. Summary Opinion 2003-1


UNITED STATES TAX COURT


NELL B. NEWELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9839-01S.                    Filed January 7, 2003.


<u>Clarence F. Frazier</u>, for petitioner.

<u>Brandi B. Darwin</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $1,549 for the taxable year 1999.

The issue for decision is whether amounts petitioner received pursuant to a divorce decree are includable in her income as pension income or, alternatively, as alimony income.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Jacksonville Beach, Florida, on the date the petition was filed in this case.

Petitioner and her former husband, James Fredrick Newell, Jr., married in 1953 and divorced in 1984. At the time of the divorce, Mr. Newell was receiving monthly military retirement payments from the United States Navy Finance Center. The assets owned by petitioner and Mr. Newell at that time consisted primarily of the marital residence, the military pension, a car, a truck, a boat, and household furnishings. Upon divorce, petitioner received the car and household furnishings, and Mr. Newell received the truck and the boat. Petitioner bought Mr. Newell's interest in the marital residence using funds which she had borrowed from her daughter. The divorce decree, entered by the Circuit Court of the City of Virginia Beach, Virginia, on April 3, 1984, nunc pro tunc as of February 29, 1984, provided in relevant part as follows:

It is further ADJUDGED, ORDERED, and DECREED that the defendant [Mr. Newell] shall pay to the complainant [petitioner] the sum of $583.00 per month as spousal support on the first day of each month beginning February 1, 1984, and no spousal support shall be allowed to the defendant.

It is further ADJUDGED, ORDERED, and DECREED that based upon the equities and the rights and interests of each party in the marital property and all factors and considerations as set out in Section 20-107.3, Code of Virginia, and pursuant to that Code section a monetary award is hereby granted to the complainant to be paid by the defendant to the complainant in consecutive monthly installments of $1,017.00 each on the first day of each month beginning February 1, 1984, until death of one of the parties.

And it appearing that defendant receives and/or is entitled to receive monthly retired or retainer pay by virtue of his United States Navy retirement aforesaid and that complainant moves the Court to direct that the aforesaid $1,017.00 monthly payments to her pursuant to Section 20-107.3, Code of Virginia, be made direct from the United States Navy Finance Center or other appropriate U.S. Government activity, it is, therefore, ADJUDGED, ORDERED, and DECREED that pursuant to Title 10, United States Code, Section 1408, the United States Navy Finance Center (or other appropriate U.S. Government activity) shall pay the sum of $1,017.00 to the complainant direct from the monthly retired or retainer pay to which defendant is entitled until death of one of the parties.

The decree was modified on more than one occasion by courts in Virginia and Wisconsin. These modifications affected only the amount of spousal support being paid to petitioner; none altered the $1,017 monthly payments being made with funds from the military retirement pension.

Since the divorce, Mr. Newell has received periodic cost of living increases in his military retirement payments, while the payments petitioner receives in connection therewith have never

increased.  Prior to 1995, Mr. Newell was issued an annual Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reflecting the entire amount of the benefits received by both Mr. Newell and petitioner.  From 1995 forward, however, petitioner annually has been issued a separate Form 1099-R reflecting the portion of the benefits paid directly to her.

During 1999, petitioner received $2,450 in spousal support payments from Mr. Newell.  In addition, she received $12,204 in the form of twelve payments of $1,017 from the Defense Finance and Accounting Service.  On petitioner's 1999 Federal income tax return, she reported $2,450 in alimony income.  Although she reported pension distributions of $12,204, she reported that no portion of this amount was taxable.  In the statutory notice of deficiency, respondent determined that the pension distributions totaling $12,204 were includable in petitioner's gross income.

We first address briefly an argument by respondent that certain provisions of the Internal Revenue Code relating to section 401(a) qualified plans are applicable to the case at hand.[1]  Although both parties discuss the qualified plan

---

[1]Specifically, respondent's argument implies that the military retirement plan is a governmental plan under sec. 414(d), that petitioner received the payments in issue pursuant to a sec. 414(p) qualified domestic relations order, and that petitioner is therefore a sec. 402(a) distributee pursuant to
(continued...)

provisions, neither party cites any authority for the underlying proposition that military retirement payments are subject to section 402(a). That section provides:

> SEC. 402(a). Taxability of Beneficiary of Exempt Trust.--Except as otherwise provided in this section, any amount actually distributed to any distributee by any employees' trust described in section 401(a) which is exempt from tax under section 501(a) shall be taxable to the distributee, in the taxable year of the distributee in which distributed, under section 72 (relating to annuities).

The fund used for the payment of military retirement benefits, known as the Department of Defense Military Retirement Fund, is one which has been established "on the books" of the Department of the Treasury. 10 U.S.C. sec. 1461(a) (2000). Thus, the military retirement pension payments at issue are not distributions from a section 401(a) qualified trust, and section 402(a) is not applicable.[2]

It is clear that gross income generally includes income from pensions, including military retirement benefits. Sec. 61(a)(11); secs. 1.61-2(a)(1) and 1.61-11(a), Income Tax Regs. However, income from property is taxed to the owner of the

---

[1](...continued)
sec. 402(e)(1)(A).

[2]Compare the Department of Defense Military Retirement Fund with another Federal employee retirement fund, the Thrift Savings Fund. The latter fund, created pursuant to 5 U.S.C. sec. 8437 (2000), is also a fund established within the Treasury. Unlike the military fund, however, this fund is treated as a sec. 401(a) qualified trust for purposes of the Internal Revenue Code. Sec. 7701(j); 5 U.S.C. sec. 8440 (2000).

property, not necessarily the recipient of the income.  Eatinger v. Commissioner, T.C. Memo. 1990-310.  Accordingly, military pension payments are includable in the gross income of the party or parties who have an ownership interest in the pension itself: A taxpayer who has a community property interest in a spouse's military pension must, after divorce, include in her gross income the portion of the benefits paid which represents her interest in the pension, whether or not she directly receives such benefits, Id.; Weir v. Commissioner, T.C. Memo. 2001-184, and a taxpayer who is awarded an ownership interest in a military pension as a division of marital property or pursuant to a divorce settlement must include her proportionate share of the benefits in her gross income.  Witcher v. Commissioner, T.C. Memo. 2002-292; Pfister v. Commissioner, T.C. Memo. 2002-198.

In the case at hand, there is nothing on the face of the divorce decree to indicate that petitioner was awarded an ownership interest in the pension.  To the contrary, the court granted petitioner a monetary award in the amount of $1,017 per month, payable until the death of either petitioner or Mr. Newell.  The court then ordered that this monetary award be satisfied through monthly payments to be paid directly by the government to petitioner, on behalf of Mr. Newell.

Virginia law supports our conclusion that petitioner did not have an ownership interest in the pension.  While Federal law

controls how income from property interests are taxed, State law controls how property interests are created.  United States v. Mitchell, 403 U.S. 190 (1971).  It is clear that, at the time petitioner's divorce decree was entered, the State court did not have the power to order a transfer of an ownership interest in Mr. Newell's military retirement benefits to petitioner.  Va. Code Ann. sec. 20-107.3(B) and (C) (Michie 1983); Lowe v. Lowe, 357 S.E.2d 31 (Va. 1987).  Rather, the court merely had the authority to grant petitioner a monetary award; any transfer of an ownership interest in the pension only could have been effected by Mr. Newell with permission from the court.  Va. Code Ann. sec. 20-107.3(D) (Michie 1983); Lowe v. Lowe, supra.[3]  There has been no suggestion of such a transfer in this case.

We note that, at the time of petitioner's divorce, Federal law had been revised to allow States to treat military pensions of married individuals as property held either jointly or separately by one or both spouses.  Uniformed Services Former

---

[3]Cf. Pfister v. Commissioner, supra, in which we found that a Virginia divorce decree did transfer an ownership interest in a military retirement pension.  In that case, we relied upon Va. Code sec. 20-107.3(H), which allowed a court to ratify and incorporate an agreement between the parties into the divorce decree.  The ownership interest in Pfister was transferred pursuant to such an agreement between the parties--incorporated into the divorce decree--which provided that the spouse receiving the interest would "be owner of, and receive, one-half of husband's disposable retired or retainer pay."  Id.

Spouses' Protection Act, Pub. L. 97-252, 96 Stat. 730 (1982).[4] However, there is nothing in this statute that would have afforded petitioner an ownership interest in the pension. Rather, the statute merely provides that State courts are free to treat the pension as separately held or jointly held property, as the relevant State law provides.  Pfister v. Commissioner, supra. Furthermore, the authority found in the statute for the payment of a portion of a retiree's benefits to a spouse as the result of a property settlement does not require a spouse to own an interest in the pension before receiving such payments.

Petitioner did not have an ownership interest in the military pension from which she received the benefits in issue. Consequently, the benefits are properly includable in the gross income of Mr. Newell, who initially earned the pension and who alone had an ownership interest in the pension after the divorce. Sec. 61(a)(11); Eatinger v. Commissioner, supra.

Respondent argues alternatively that the benefits are includable in petitioner's gross income as alimony pursuant to section 71.[5]

---

[4]The relevant provision is codified, as amended, at 10 U.S.C. sec. 1408 (2000).

[5]Because the divorce decree in this case was entered prior to 1985, we apply the provisions of sec. 71 which were applicable before the changes made by the Deficit Reduction Act of 1984 (DEFRA), Pub. L. 98-369, sec. 422(e), 98 Stat. 798.  We note that the amount of the spousal support payments required by the

(continued...)

Section 71 lists several requirements which must be met in order to characterize payments made pursuant to a divorce decree as alimony payments for purposes of Federal tax law. If the requirements of section 71 are met, the payments are includable in the payee spouse's income under section 71, and are deductible by the payor spouse under section 215. One such requirement is that the payments be made in discharge of a legal obligation imposed "because of the marital or family relationship." Sec. 71(a)(1). This requirement has been interpreted to require that the payments be in the nature of support, rather than a property settlement. Beard v. Commissioner, 77 T.C. 1275, 1283 (1981). Payments which are part of a property settlement are capital in nature and, therefore, are not subject to the provisions of section 71. Gammill v. Commissioner, 73 T.C. 921, 926 (1980), affd. 710 F.2d 607 (10th Cir. 1982).

The determination of whether payments are in the nature of support or part of a property settlement does not turn on labels assigned by the court or the parties; rather, the issue is a factual one and requires an examination of all the facts and circumstances. Beard v. Commissioner, supra at 1283-1284.

---

[5](...continued)
judgment in this case was modified after 1984. However, a post-1984 modification of a pre-1985 judgment does not cause the DEFRA changes to apply unless the modification expressly so provides. Id. at sec. 422(e)(2); Libman v. Commissioner, T.C. Memo. 1990-629. Nothing in the record indicates such a provision existed in this case.

Factors which indicate that the payments are in the nature of a property settlement rather than support are: (1) That the parties in their agreement (or the court in its decree) intended the payments to effect a division of their assets, (2) that the recipient surrendered valuable property rights in exchange for the payments, (3) that the payments are fixed in amount and not subject to contingencies, such as the death or remarriage of the recipient, (4) that the payments are secured, (5) that the amount of the payments plus the other property awarded to the recipient equals approximately one-half of the property accumulated by the parties during marriage, (6) that the need of the recipient was not taken into consideration in determining the amount of the payments, and (7) that a separate provision for support was provided elsewhere in the decree or agreement. Beard v. Commissioner, supra at 1284-1285.

In the case at hand, the State court stated specifically in the divorce decree that the payments at issue were to be made to petitioner for her interest in the marital property. Furthermore, there was a separate provision for support distinct from the property settlement provisions. The property settlement payments are fixed in amount and the only contingencies applied to the payments are their termination upon the death of petitioner or Mr. Newell. Finally, there is no indication that petitioner's needs were taken into account in the initial award

of the payments.  In fact, the amount of the payments remained fixed while later modifications made to the divorce decree altered the amount of the monthly spousal support payments.

We find that the payments at issue in this case are in the nature of a property settlement rather than support.  Thus, these payments are not includable in petitioner's gross income under section 71.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.